MILLS, Judge.
Battles appeals from a conviction for two counts of aggravated battery, contending the trial court erred in failing to instruct the jury regarding self-defense as it applied to Count II of the information. We disagree and affirm.
Battles was charged by information with the offense of aggravated battery upon Milo Jordon by throwing acid and intentionally or knowingly causing him great bodily harm, permanent disability or permanent disfigurement (Count I), and with the aggravated battery upon Tonya Smith by the same means (Count II).
Evidence adduced at trial showed that both offenses occurred on 9 August 1985 when Battles entered Bud’s Lounge in Quincy, Florida, where Milo Jordon, Tonya Smith, Ollie Smith and Zachariah Black-shear were seated at a booth. Battles walked up to the group and threw a cup of acid at Jordon and Smith. Smith had never seen Battles before; however, Jordon knew Battles as the two had engaged in arguments concerning Battles’ girlfriend, Nora Smith.
Both Tonya and Ollie Smith, sisters, testified to the fact it was Battles who ap *1029 proached them and threw the acid. Neither Jordon nor Blackshear were seated so that they saw the face of the person who threw the substance. Officers Tommy Jones and Ron Selva, who arrested Battles, also testified at trial. They stated that Battles admitted he committed the batteries on three different occasions. When asked by the officers why he did it, Battles said, “I had to. It was me or him, so I got him first.” In this regard, Battles told the officers he had talked with a deputy sheriff earlier that day about the harassment he was receiving from Milo Jordon.
Upon taking the witness stand, Battles testified he first met Jordon when he started dating Lenora Smith and since that time Jordon had constantly threatened him. In fact, Battles testified the situation became so bad that he and Nora Smith moved to get away from Jordon; however, the harassment continued and Jordon even threatened Battles with a gun.
The appellant further testified that Milo Jordon had a reputation in the community for being a very violent person and for carrying a .38 caliber pistol in his glove compartment. In support' of this statement, Battles presented the testimony of Lenora Smith and her former boyfriend, David “Zeke” Brown, both of whom stated Jordon had threatened Brown with a gun by firing shots in his direction. The sisters of Lenora Smith also testified concerning Jordon’s violence towards Lenora and her boyfriends.
Battles explained to the jury that on the night of the batteries he drove up in front of Bud’s Lounge and saw Jordon standing on the street corner. Jordon verbally threatened him and so Battles climbed out of the car on the passenger side. As Jor-don approached the appellant with his hand in his pocket, Battles thought Jordon was going to kill him so he grabbed the potash (plumbing acid) out of the car and threw it at Jordon. According to Battles, Jordon was standing in the doorway of the lounge at the time and he did not know Tonya Smith was there and did not intend to harm her.
At the charge conference, the trial court agreed to give the State’s requested jury instruction on the doctrine of transferred intent as to Count II. However, the trial court denied the defense’s request for an instruction on self-defense as applied in the transferred intent context. The court did not agree with Battles’ argument that when a person is acting in self-defense and a third party gets injured innocently, the defense of self-defense should transfer to that innocent victim. The trial court did agree to give the instruction on justifiable use of deadly force as to Count I of the information.
The jury found Battles guilty as charged on both counts. Accordingly, the trial court imposed concurrent sentences of five years of incarceration for each of the batteries, the sentence recommended by the sentencing guidelines. This timely appeal then followed.
Herein, Battles claims the trial court erred in failing to give the following requested jury instruction:
If the defendant was justified in defending himself, and in the course thereof, the defendant injures an innocent bystander, the defendant is not criminally liable for the injury to the innocent bystander, but the aggressor who caused the defendant to act in self defense is criminally liable for the injury to the innocent bystander. Therefore you must find the defendant not guilty of Count II, charging aggravated battery upon Tonya Smith.
However, the proposed instruction does not accurately and correctly state the law dealing with self-defense, and in view of that was properly rejected by the trial court. Barwicks v. State, 82 So.2d 356 (Fla.1955), and Cruz v. State, 310 So.2d 360 (Fla.3d DCA 1975). Milo Jordon was not on trial below and any finding that he was criminally liable would have been contrary to state law. Moreover, even if the instruction had been properly phrased, any *1030 error in not giving the instruction would have to be considered harmless. As pointed out by the State, the jury rejected Battles’ claim of self-defense as to Count I and, therefore, would not have transferred the defense to Count II.
In concluding, we would like to point out Battles has provided no authority for his proposition that a claim of self-defense is transferable to a third party injured innocently when a person is defending himself rightfully against another. Indeed, we have not been able to uncover any law on this area through our own research and suspect the reason for this is that such a doctrine is not really necessary.
In a situation like the present one, if the jury had found Battles justified in his use of deadly force against Milo Jordon then there would have been no intent to transfer to Tonya Smith, and, consequently, Battles would have been acquitted on that charge as well. Having instructed the jury on self-defense as to Count I, it was not necessary to give that instruction as to Count II. What purpose could it have served? If the jury had believed the self-defense claim, then it would have been precluded from a finding of guilt on either count. Further, the jury could not have acquitted Battles with regard to Count I and found him guilty as to Count II, because battery is a specific intent crime and the State was relying on the doctrine of transferred intent to form that necessary element for the crime charged against Tonya Smith.
Affirmed.
SHIVERS and JOANOS, JJ., concur.