573 So.2d 179 (1991)
Jamie KNOTT, Appellant,
v.
STATE of Florida, Appellee.
No. 89-03482.
District Court of Appeal of Florida, Second District.
January 18, 1991.
Lawrence D. Shearer of McDonald and Shearer, Lakeland, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan L. Greenberg, Asst. Atty. Gen., Miami, for appellee.
PER CURIAM.
The appellant contends and the appellee agrees that it was error by the trial court to convict the appellant of aggravated battery. While there was testimony to support a conviction for battery, there was *180 nothing to indicate that the injuries received by the victim were intended by the appellant. In fact, following a nonjury trial, the trial judge made a specific finding that the defendant did not intend to cause injury to the victim. Aggravated battery is a specific intent crime. State v. Horvatch, 413 So.2d 469 (Fla. 4th DCA 1982). Section 784.045(1)(a)1, Florida Statutes, defines aggravated battery's specific intent as the intent to cause great bodily harm, permanent disability or permanent disfigurement.
Since no such intent was proven, we reverse and remand with instructions that the trial court vacate the judgment and sentence for aggravated battery, and enter a judgment for a simple battery and resentence the appellant accordingly.
SCHOONOVER, C.J., and SCHEB and HALL, JJ., concur.