616 So.2d 546 (1993)
Barry Jerome EDLER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 92-281, 92-282.
District Court of Appeal of Florida, First District.
March 30, 1993.
*547 Nancy A. Daniels, Public Defender, Glen P. Gifford, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
SMITH, Judge.
Appellant seeks reversal of his convictions and enhanced sentences for three counts of aggravated battery and for one count of possession of a firearm by a convicted felon.[1] We find only one of the several issues raised is meritorious; we affirm the convictions but remand for resentencing.
After a verbal exchange with William and Delarian Snow on a Pensacola street corner, appellant returned with a sawed-off shotgun. Evidence adduced at trial indicated that appellant fired at least two shots, and possibly a third shot, striking William and Delarian Snow and a bystander, Sandra Robinson. Fortunately, all three victims escaped serious injury.
Appellant was charged with three counts of aggravated battery and one count of possession of a firearm by a convicted felon, the latter of which was tried separately. Following a jury trial on the aggravated battery counts, appellant was found guilty as charged and was sentenced as a habitual felony offender. He was later found guilty of possession of a firearm by a convicted felon. For each of the aggravated battery counts, appellant received a 30-year sentence, the sentences to be served consecutively. Thus, appellant was given a 90-year sentence for the aggravated battery offenses, to which an additional 30-year consecutive sentence for the possession of a firearm by a convicted felon is added. In total, appellant was sentenced to 120 years.
The trial court also sentenced appellant to consecutive three-year minimum mandatory terms for all four offenses for use of a firearm. The state concedes that the stacking of these minimum terms was erroneous under Palmer v. State, 438 So.2d 1 (Fla. 1983). Accordingly, the cause is remanded for resentencing on this point.
We find no error in the imposition of habitual offender sentences even though the prior offenses used for habitualization were also used to prove a past conviction, an element of the offense of possession of a firearm by a convicted felon. The double jeopardy argument raised by appellant has been rejected. Maeweather v. State, 599 So.2d 733 (Fla. 1st DCA 1992), affirmed, 616 So.2d 16 (Fla. 1993).
Appellant also claims that the trial court erred in allowing the prosecution to read, in the second trial, the testimony given by a witness to the shooting, Chris Sanders, in the first trial on the aggravated battery charges. We note that appellant had cross-examined Sanders in the first trial, and that Sanders, a member of the armed forces, had returned to his overseas post in Germany by the time the second trial had commenced. On these facts, we are not persuaded that the trial court erred in allowing the state to read Sander's prior testimony over the appellant's objection that the state had not made a sufficient attempt to secure Sander's live attendance at the second trial. However, even if error, we find the error was harmless given the cumulative nature of Sander's testimony.
Finally, we reject appellant's argument that two of the aggravated battery convictions, that is, those pertaining to the shooting of Delarian Snow and Sandra Robinson, improperly relied upon the doctrine of transferred intent. Appellant contends on appeal that because the intended victim, William Snow, was actually harmed by appellant, the doctrine cannot be used to supply the intent to harm another person. First, it should be observed that appellant made no specific argument or objection below as to the application of this doctrine, nor did he defend against the charges by asserting he intended no harm to Delarian *548 Snow or Sandra Robinson.[2] Because the facts of this shooting incident were such that a jury could infer the necessary intent, we find it necessary to only briefly address appellant's argument that while intent may be transferred in an appropriate case, intent is not divisible so as to warrant conviction of crimes against both intended and unintended victims.
Appellant provides no direct authority for his argument but cites Provenzano v. State, 497 So.2d 1177 (Fla. 1986), and Coston v. State, 139 Fla. 250, 190 So. 520 (1939), cases where the intended victim of a murder attempt was not killed but an unintended victim was, as setting the parameters for the proper use of the transferred intent doctrine. However, we do not read Provenzano or Coston as precluding application of this doctrine in the instant case. Further, the doctrine has been employed without objection in cases analogous to the one at bar where the intended as well as supposedly unintended victims are actually harmed. See, Lee v. State, 141 So.2d 257 (Fla. 1962), Battles v. State, 498 So.2d 1028 (Fla. 1st DCA 1986), and Brown v. State, 599 So.2d 132 (Fla. 2d DCA 1992). While this court is aware of authority from other jurisdictions holding to the contrary,[3] we are not persuaded by the reasoning employed in these cases given the particular facts of the instant case. We are particularly unwilling to disturb the aggravated battery convictions here in view of evidence that appellant intended to shoot Delarian, as indicated by the fact that appellant alternatively pointed his gun at William as well as Delarian Snow. Also, there was evidence that appellant fired a third shot, possibly indicating appellant's intent indiscriminately to strike persons in Delarian's and Sandra Robinson's vicinity.
We likewise find no merit in appellant's challenge of the imposition of consecutive habitual felony offender sentences. Brooks v. State, 605 So.2d 874 (Fla. 1st DCA 1992). However, as we did in Brooks, we certify the following as a question of great public importance:
MAY CONSECUTIVE ENHANCED SENTENCES BE IMPOSED UNDER SECTION 775.084, FLORIDA STATUTES, FOR CRIMES GROWING OUT OF A SINGLE CRIMINAL EPISODE?
Accordingly, appellant's convictions and habitual offender sentences are AFFIRMED, but the consecutively imposed minimum mandatory sentences for use of a firearm are VACATED and the cause is REMANDED.
BOOTH and MINER, JJ., concur.
NOTES
[1] On our motion, we have consolidated the appeal from the aggravated battery convictions and sentence, Case No. 92-281, and the appeal from the possession of a firearm by a felon conviction and sentence, Case No. 92-282.
[2] Appellant did not testify and called no defense witnesses in either trial; his argument to the jury and his cross-examination of state witnesses indicates that appellant was claiming a mistaken identity.
[3] See, for example, People v. Birreuta, 162 Cal. App.3d 454, 208 Cal. Rptr. 635 (1984), and People v. Czahara, 203 Cal. App.3d 1468, 250 Cal. Rptr. 836 (1988); compare, State v. Livingston, 420 N.W.2d 223 (Minn. Ct. App. 1988).