624 So.2d 284 (1993)
STATE of Florida, Appellant,
v.
James E. GEE, Appellee.
No. 92-03918.
District Court of Appeal of Florida, Second District.
August 6, 1993.
Rehearing Denied September 16, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellant.
Angelo M. Ferlita, Ferlita, Nutter & Rosello, P.A., Tampa, for appellee.
PER CURIAM.
In this aggravated battery prosecution, the state appeals the trial court's order granting defendant's motion to dismiss. We reverse.
*285 The facts of this case, as related in defendant's motion, are not in dispute. A crowded barroom confrontation culminated with defendant striking the victim with a single blow to the right side of his face, causing him to fall to the floor. Though the blow itself did not break any bones or knock out any teeth, the victim, upon falling down, suffered a broken neck and complete paralysis from either striking his head on a stage or being kicked in the head by an unknown person.
Defendant was charged with aggravated battery, a specific intent crime requiring the intent to cause great bodily harm, permanent disability or permanent disfigurement. § 784.045(1)(a)1, Fla. Stat. (1991); Knott v. State, 573 So.2d 179, 180 (Fla. 2d DCA 1991). We conclude that in this case a jury question existed over whether defendant had the requisite specific intent. As this court noted in State v. Stenza, 453 So.2d 169 (Fla. 2d DCA 1984), intent is generally a jury question that in most instances cannot be ascertained by direct evidence but only inferred and is therefore not properly determined on a motion to dismiss.
Reversed and remanded for proceedings consistent herewith.
FRANK, C.J., and SCHOONOVER and PATTERSON, JJ., concur.