JOANOS, J.
Appellant, S.D.W., seeks our review of the trial court’s adjudication and disposition of delinquency as to charges that she committed two counts of battery on school board personnel. We affirm in part, reverse in part, and remand the disposition order for conformance with the court’s oral pronouncements.
The charges against appellant resulted from her attempted participation in an altercation which occurred at Terry Parker High School on February 17, 1999. The record reflects that appellant became involved in a dispute in the school lunchroom, which threatened to escalate in the hall as students were going to class. When the Vice-Principal noticed the aggressive movement of the crowd, she stretched her arms to keep appellant behind her. Appellant pushed against the Vice-Principal’s arm in an effort to pass. The Vice-Principal radioed for the school security officer. When the security officer arrived, he restrained appellant by pulling her backwards. Appellant kicked to free herself from the security officer. During appellant’s kicking spree, Ms. Murray, the Vice-Principal, received a glancing blow. Ms. Murray later testified that appellant ceased kicking immediately upon being told she had kicked Ms. Murray.
The first battery count related to appellant’s push against Ms. Murray’s arm in an effort to pass her and to reach her antagonist. The second battery count related to the kicking incident. The trial court found appellant guilty of the first count of battery upon a school board employee. Since the court did not believe appellant intended to kick Ms. Murray, the court found her guilty of the lesser offense of battery as to the second count, rather than battery upon a school board employee as charged in the petition. The court reasoned that appellant’s kicking conduct was unreasonable in the circumstances of the crowded school hallway, concluding that such conduct manifested her intent to kick ■ someone.
In the oral pronouncement of sanctions, the court directed appellant to abide by a 7:00 p.m. curfew for a 90-day period, with the exception of work with the Girls’ Initiative activities and appellant’s employment. The court further directed that appellant was to have no contact with the victim, Ms. Murray; she was not to trespass on the grounds of Terry Parker High School; she was to volunteer with the Department of Juvenile Justice at the CityWide Olympics; she was to participate in anger control through The Bridge of Northeast Florida; and appellant and her family were directed to interview with the Multi-Systemic Therapy Program at the White Foundation, and if accepted, to successfully complete the program. The written order of disposition failed to include an exception for employment with regard to the 7:00 p.m. curfew, failed to include the pronounced 90-day curfew limitation, and made minimal changes in the provisions regarding counseling programs.
*1234 “The statutory elements of battery are: an actual and intentional touching or striking of another person against the will of the other person; or intentionally causing bodily harm to an individual.” See Hamrick v. State, 648 So.2d 274, 276 (Fla. 4th DCA 1995).
Appellant in this case recognizes that the record supports the trial court’s finding that appellant committed the offense charged in Count I. That is, the record shows appellant intentionally made contact with Ms. Murray’s arm, as appellant attempted to go by Ms. Murray in order to reach the girl involved in the lunchroom dispute. In addition, the record is clear that appellant was aware that Ms. Murray was the Vice-Principal, and Ms. Murray was acting in her role as a school district employee at the time of the incident underlying this appeal. However, appellant asks the court to recede from “its previous strict liability holdings,” and find that the elements of criminal battery must contain the elements essential to a tort recovery for battery, i.e., battery should include a showing that the noncon-sensual touching either caused injury or was “perilous, harmful, offensive to Ms. Murray or intruded upon her personal dignity.”
Since appellant’s conduct with regard to Count I satisfies the statutory elements of battery upon an employee of a school district, we affirm the trial court’s ruling as to Count I. However, the record does not support the trial court’s finding that appellant intended to kick someone. Both Mr. Thomas and Ms. Murray testified that the kicking episodes occurred as appellant struggled to free herself from Mr. Thomas. Ms. Murray also testified that when she told appellant that appellant had kicked her, appellant instantly stopped kicking. The circumstances of this case are analogous to the situation in T.R.H. v. State, 605 So.2d 992 (Fla. 5th DCA), review dismissed, 613 So.2d 12 (Fla.1992). In T.R.H., an officer was attempting to break up a fight on a school bus. The officer testified that T.R.H. unintentionally struck her once on the bus. The court reversed the finding that T.R.H. was guilty of battery, ruling that as a matter of law, “without an intentional touching, T.R.H. could not have committed a battery on the officer.” See T.R.H., 605 So.2d at 993.
Here, the trial court recognized that appellant did not intentionally kick Ms. Murray. Moreover, there is nothing to support the trial court’s conclusion that appellant intended to kick “someone.” Absent evidence of an intent to kick someone, the doctrine of transferred intent cannot operate’to support the finding of guilty of battery. Therefore, we reverse the finding of guilty as to Count II.
Appellant’s final point concerns the discrepancies between the trial court’s oral pronouncement and the written Order of Disposition imposing sanctions. The State concedes the written Order of Disposition must be remanded with instructions to conform the written order with the oral pronouncement.
Accordingly, the trial court’s ruling as to Count I is affirmed, the ruling as to Count II is reversed, and the Order of Disposition is remanded with instructions to conform the order to the court’s oral pronouncements.
WOLF and BENTON, JJ., CONCUR.