STEVENSON, J.
Appellant V.M. challenges an order withholding adjudication of delinquency but finding him guilty of felony battery pursuant to section 784.041, Florida Statutes (1999), for hitting his teacher during a fight with another student. We reverse because the State failed to introduce any evidence to rebut V.M.’s claim of self-defense.
V.M. and another male student were fighting when their teacher entered the classroom. The teacher testified at trial that she was unable to determine who had initiated the fight, but when she tried to intercede, “I guess [V.M.] went to hit [the other student], who was in front of him, and brought his arm back to get a good swing and then got me in the nose.” The teacher suffered a broken nose as a result of the incident. V.M. testified that the boy attacked him because V.M. told him he was not afraid of him. No other witnesses testified at the juvenile proceeding.
V.M. was charged with felony battery under the theory that his intent to commit battery upon the student was transferred to the teacher. See D.J. v. State, 651 So.2d 1255, 1256 (Fla. 1st DCA 1995)(recognizing that the doctrine of transferred intent is a legal fiction which operates to transfer a defendant’s intent as to the intended victim to an unintended victim). Although the State successfully proved the elements to convict V.M. of felony battery on the teacher, the State failed to present any evidence to rebut V.M.’s assertion of self-defense.[1] Where self-defense is a viable defense to the charge of battery on an intended victim, the defense also operates to excuse the battery on the unintended victim. See Pinder v. State, 27 Fla. 870, 8 So. 837 (1891); Battles v. State, 498 So.2d 1028, 1030 (Fla. 1st DCA 1986). Because the State failed to rebut V.M.’s claim of self-defense, the trial court erred in denying V.M.’s motion for judgment of acquittal.
REVERSED.
FARMER and HAZOURI, JJ., concur.

. See Thompson v. State, 552 So.2d 264, 266 (Fla. 2d DCA 1989)(holding that when a defendant has established a prima facie case of self-defense, the State must prove beyond a reasonable doubt that the defendant did not act in self-defense).