FULMER, Judge.
The trial court adjudicated B.L.L. delinquent for the offenses of engaging in an affray, disrupting a school function, and battery on a school board employee. B.L.L. argues that the evidence was insufficient to sustain the charge of battery on a school board employee and that the trial court erred in entering a single commitment order for the three offenses. We find merit to both points and reverse.
We agree with B.L.L.’s assertion that the evidence did not show that B.L.L. had the intent to strike a school employee. Section 784.081, Florida Statutes (1997), reclassifies the offense of simple battery from a misdemeanor of the first degree to a felony of the third degree when the victim of the battery is an employee of a school district and “the person committing the offense knows or has reason to know the identity or position or employment of the victim.” At the adjudicatory hearing, all witnesses concurred that B.L.L. was attempting to hit a student and struck the school employee unintentionally. The State argued that the doctrine of transferred intent applied and the trial court relied on that theory to find B.L.L. guilty. This was error because “the doctrine only operates to transfer the defendant’s intent as to the intended victim to the unintended victim.” D.J. v. State, 651 So.2d 1255, 1256 (Fla. 1st DCA 1995). Applying the doctrine of transferred intent, because B.L.L. intended to hit a fellow student, the trial court could adjudicate B.L.L. of simple battery only.
The single commitment order entered referenced the three charges in this case and a second case involving a violation of community control. B.L.L. argues, and the State agrees, that on remand the trial court should be directed to enter separate disposition orders for each offense. See D.P. v. State, 730 So.2d 414, 416 (Fla. 5th DCA 1999).
Accordingly, we reverse the adjudication for battery on a school board employee and remand for the trial court to reduce that charge to simple battery and to enter separate disposition orders for each offense.
Reversed and remanded.
ALTENBERND, A.C.J., and BLUE, J., Concur.