791 So.2d 1156 (2001)
Maurice William SAGNER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-836.
District Court of Appeal of Florida, Fourth District.
July 11, 2001.
Rehearing Denied August 24, 2001.
*1157 Carey Haughwout, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, Michael J. Neimand and Steven R. Parrish, Assistant Attorneys General, Fort Lauderdale, for appellee.
TAYLOR, J.
Maurice William Sagner appeals his conviction and sentence for aggravated battery. We affirm on all issues raised by appellant, and write only to address his contention that the trial court improperly applied the doctrine of transferred intent to his aggravated battery offense.
Appellant was charged by information, which alleged that:
[I]n St. Lucie County on or about July 6, 1999 Maurice William Sagner did intentionally touch or strike Michelle Green against that person's will and did intentionally or knowingly cause great bodily harm, permanent disability or permanent disfigurement, or in the commission of the battery used a deadly weapon, to-wit: A Bottle, in violation of Florida Statute 784.045(1)(a)....
Although the information charged appellant with intentionally touching or striking Michelle Green, the state's evidence showed that appellant intended to strike someone else, but hit Green instead. On the night of this incident, just before the attack, appellant was in a heated argument with William "Chino" Marquez. The two were still arguing when appellant got in his car to leave. As he was leaving, appellant threw a bottle out his car window. According to Chino, appellant looked directly at him when he threw the bottle. The bottle, however, hit bystander Chris Taupe in his head and shattered. A piece of glass from the shattered bottle flew into Michelle Green's eye, causing permanent damage. Green was a bystander, completely uninvolved in the strife between appellant and Chino.
At the close of the state's evidence, appellant moved for a judgment of acquittal, arguing that there was no evidence that appellant intended to hit Green with the bottle and that the state was improperly relying upon the concept of transferred intent to convict him of aggravated battery. The trial court denied the motion. During the jury charge conference, the state requested the court to instruct the jury on the doctrine of transferred intent. The court gave the following requested instruction, over appellant's objection:
Now if a person has an intent to strike one person and in attempting to strike that person actuallyaccidentally strikes another person the striking is intentional.
In Florida, the doctrine of transferred intent has traditionally been applied in homicide cases as a means of holding a defendant criminally responsible for premeditation or intent to commit murder that results in the death of another person. See Provenzano v. State, 497 So.2d 1177, 1180 (Fla.1986); Wilson v. State, 493 So.2d *1158 1019 (Fla.1986); Lee v. State, 141 So.2d 257 (Fla.1962); Coston v. State, 139 Fla. 250, 190 So. 520 (1939); Hall v. State, 70 Fla. 48, 69 So. 692 (1915). As the Florida Supreme Court observed in Provenzano, "[t]he usual case involving the doctrine of transferred intent is when a defendant aims and shoots at A intending to kill him but instead misses and kills B." 497 So.2d at 1180. Explaining that the original malice is transferred to the person who suffered the consequence of the unlawful act, the court said:
The law, as well as reason, prevents (a defendant) from taking advantage of his own wrongdoing, or excusing himself when the unlawful act, if committed by (the defendant), strikes down an unintended victim.
Id at 1181. (quoting Coston, 190 So. at 522).
Florida courts, however, have also applied the doctrine of transferred intent in aggravated battery prosecutions when a blow intended for one victim struck another. See Edler v. State, 616 So.2d 546 (Fla. 1st DCA), quashed in part on other grounds, 630 So.2d 528 (Fla.1993); Battles v. State, 498 So.2d 1028 (Fla. 1st DCA 1986); Brown v. State, 599 So.2d 132 (Fla. 2d DCA 1992)(Altenbernd, J., concurring). See also V.M. v. State, 766 So.2d 280 (Fla. 4th DCA 2000) (where juvenile's intent to commit battery upon the student was transferrable to the teacher, and self-defense was a viable defense to the charge of battery on the student, the defense could also excuse the battery on the teacher/unintended victim).
In several cases, our courts have recognized the doctrine of transferred intent in aggravated battery prosecutions but held that it was inapplicable to enhance the severity of the crime against an unintended victim. See B.L.L. v. State, 764 So.2d 837 (Fla. 2d DCA 2000)(where defendant intended to hit a fellow student and not a school employee, the defendant could only be adjudicated of simple battery); V.M. v. State, 729 So.2d 428 (Fla. 1st DCA 1999)(doctrine of transferred intent did not operate to elevate defendant's general intent to commit a simple battery on her brother to the specific intent required to commit aggravated battery on a pregnant woman); D.J. v. State, 651 So.2d 1255 (Fla. 1st DCA 1995)(where juvenile's intent was only to strike student, doctrine could not support finding of guilt of attempted battery upon school employee); Mordica v. State, 618 So.2d 301 (Fla. 1st DCA 1993) (where the defendant swung at an inmate and hit a guard instead, the doctrine of transferred intent could not be used to enhance defendant's crime from simple battery to battery of a law enforcement officer). See also In the Interest of J.G., 655 So.2d 1284 (Fla. 4th DCA 1995) (where juvenile intended to hit another student, but instead missed the student and hit the student's car and shattered the rear window, juvenile should have been acquitted of criminal mischief, because juvenile's intent to strike another person could not be transferred to an intent to damage another's property).
Here, where the evidence showed that appellant struck a victim occupying the same status as the intended victim, i.e. just "another person," we conclude that the trial court properly instructed the jury on the doctrine of transferred intent.[1]
*1159 Further, we reject appellant's argument that, even under a transferred intent theory, the court erred in denying his motion for judgment of acquittal because the evidence failed to establish that he intended to hit Chino with the bottle. Evidence of the heated discussion and name calling between appellant and Chino, immediately followed by appellant's looking Chino "straight in the eyes" and throwing the bottle "pretty hard" in his direction, was sufficient to show appellant's specific intent to commit the offense. See S.D.W. v. State, 746 So.2d 1232 (Fla. 1st DCA 1999) (in a battery prosecution the doctrine of transferred intent requires evidence of an intent to strike someone).
AFFIRMED.
FARMER, J., and MAY, MELANIE G., Associate Judge, concur.
NOTES
[1] § 784.045, Florida Statutes (1999) provides that a person commits aggravated battery who, in committing battery: (1) Intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement; or (2) Uses a deadly weapon.

§ 784.03 defines a "battery" as an offense occurring when a person actually and intentionally touches or strikes "another person" against the will of the other or intentionally causes bodily harm to "another person."