WARNER, J.
A juvenile petitions for habeas corpus relief after the trial court denied her motion to terminate the Department of Juvenile Justice’s aftercare program for her.[1] She alleged the court did not orally pronounce aftercare, even though it was included in the written disposition order. We deny the petition.
After violating her probation on a misdemeanor battery adjudication, the juvenile came before the court for disposition. The judge committed her to a level six residential treatment program but did not verbally order conditional release to follow.[2] However, the written delinquency disposition order required the child to be placed on conditional release upon completion of the commitment program. She appealed her disposition, during which her attorney filed a motion to correct the disposition because a misdemeanor adjudication did not qualify for level six treatment. The court agreed and entered a new disposition order, which included an order for po-stcommitment conditional release. The appeal was then voluntarily dismissed.
Upon completing the commitment program, the juvenile filed a motion to terminate aftercare on the ground that the court never orally pronounced aftercare or *427 conditional release. She relied on L.S. v. Department of Juvenile Justice, 779 So.2d 633, 635 (Fla. 1st DCA 2001), for the proposition that conditional release or aftercare needed to be orally pronounced at sentencing in order to be included in the written disposition. However, L.S. is distinguishable where aftercare was neither included in the written order of disposition nor orally pronounced by the trial judge. Thus, the first district concluded the aftercare was not validly ordered.
Florida Rule of Juvenile Procedure 8.115 provides for disposition hearings. Nowhere in the rule is oral pronouncement of the disposition required, as compared to Florida Rule of Criminal Procedure 3.700(b). At a juvenile disposition hearing, the court may receive information and reports which may assist it in making the disposition determination. It then is required to prepare a disposition order which the clerk distributes to the child and other participants at the hearing. See Fla. R. Juv. P. 8.115(c). The rules of juvenile procedure do not require the court to pronounce the disposition in court. In this respect, juvenile disposition is quite different than adult sentencing where the oral pronouncement is the sentence. In juvenile proceedings, the written disposition order is the disposition. Therefore, having included conditional release as part of the disposition order, the court properly denied the juvenile’s motion to terminate aftercare.
We recognize that many cases have suggested disposition orders are required to conform to the oral pronouncement. See A.L. v. State, 790 So.2d 1149, 1150 (Fla. 2d DCA 2001); S.D.W. v. State, 746 So.2d 1232, 1234 (Fla. 1st DCA 1999); C.A. v. State, 685 So.2d 1036, 1037 (Fla. 3d DCA 1997); T.A.R. v. State, 640 So.2d 222, 222 (Fla. 5th DCA 1994); L.M. v. State, 610 So.2d 1314, 1317 (Fla. 1st DCA 1992). In reaching their results, those cases either cited to cases involving adult sentencing or to no authority at all.
Finally, even if it was error not to conform the written disposition order to the oral pronouncement, Rule 8.135(b) provides for a procedure and a period of time to correct such error, which this juvenile used to reduce the level of commitment. Once that period passes, the rule provides only for correction of an illegal disposition. We have held in adult sentencing that failure of the written sentence to conform to the oral pronouncement is not an error rendering the sentence illegal. See Campbell v. State, 718 So.2d 886, 886 (Fla. 4th DCA 1998). Therefore, the juvenile would not be entitled to relief for an illegal disposition as she did not timely challenge what, at most, is a disposition error.
For these reasons we deny the petition.
KLEIN and MAY, JJ., concur.

. Although the child is no longer in a residential commitment, actual incarceration is not required for habeas relief, as long as the conditions of release constitute significant restraints on the child’s liberty. See Sellers v. Budges, 153 Fla. 586, 15 So.2d 293, 294 (1943).

. Aftercare is a form of probation. The terms "aftercare,” “conditional release” and "postcommitment probation” appear to be interchangeable. In 2000, the Legislature amended section 985.231 (l)(a) 1., substituting "conditional release” for "aftercare.” See Ch. 2000-135, § 31, Laws of Fla. In 2001, subsection (l)(a)l was again amended. Following "postcommitment probation,” the legislature deleted "or conditional release supervision.” See Ch. 2001-125, § 24, Laws of Fla.