FULMER, Judge.
T.S., a juvenile, punched a co-worker in the eye, causing serious injury. He was charged with and adjudicated delinquent of aggravated battery following an adjudicatory hearing before the court. We reverse for the trial court to reduce the adjudication to one of felony battery.
T.S. was employed as a dishwasher at a restaurant in Clewiston. The victim, a waitress, was annoyed that T.S. kept leaving his work area to steal glances at teenage girls having a party in the dining room. Several times she tried unsuccessfully to have the manager tell T.S. to stop. She herself was also trying to get him to stay in his own work area. At one point T.S. picked up bowls as if to throw them at the victim. In response, she picked up a broom and moved as if to hit him. Instead, she put the broom down and then threw a plastic cup of iced tea at him. He responded by punching her once in the right eye. The ophthalmologist who treated the victim testified that she suffered a fracture of the right orbit (eye socket), requiring reparative surgery, and even after the surgery continued to suffer from double vision and an inability to raise her right eye in its socket.
On appeal, T.S. concedes that he committed a battery but argues that the State’s evidence was not sufficient to prove aggravated battery.[1] He asks- this court to reverse the adjudication for the trial court to reduce it to one for felony battery and *1290 adjust his disposition accordingly. We agree with T.S.’s argument.
A person commits simple battery when he either “[a]ctually and intentionally touches or strikes another person against the will of the other” or “[ijnten-tionally causes bodily harm to another person.” § 784.03(l)(a), Fla. Stat. (2005). The definition of felony battery recites the first prong of the battery definition and adds the element of causing great bodily harm, permanent disability, or permanent disfigurement. § 784.041(1). Finally, aggravated battery occurs when a person, in committing battery, intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement. § 784.045(l)(a)(l).[2] Aggravated battery can thus be seen as simple battery plus intentionally or knowingly causing great bodily harm, etc., or as felony battery with the added element of intentionally or knowingly causing the great bodily harm, etc.[3] This mens rea requirement makes aggravated battery a specific intent crime. See Knott v. State, 573 So.2d 179, 180 (Fla. 2d DCA 1991). Felony battery is a necessarily lesser included offense of aggravated battery. See Fla. Std. Jury Instr. (Crim.) 8.4.
Our review of the record leads us to conclude that the evidence presented at the adjudicatory hearing was sufficient to demonstrate battery with great bodily harm and possibly permanent disfigurement — that is, felony battery. T.S. does not contest this. The issue is whether T.S., in committing the battery, intended to cause the enhanced level of harm or knew that this level of harm would be caused, such that the specific-intent element of aggravated battery was satisfied.
On appeal the State, citing Sagner v. State, 791 So.2d 1156 (Fla. 4th DCA 2001), argues that the ongoing dispute between T.S. and the victim was sufficient to show T.S.’s intent to commit aggravated battery. The factual scenarios in Sagner and in T.S.’s situation are distinguishable, however. In Sagner, the court pointed out that a heated discussion and name calling between the defendant and his adversary, followed by the defendant’s looking at the other straight in the eyes before throwing a bottle at him, was sufficient to show the specific intent required for an aggravated battery conviction. Id. at 1159. Here, while there was a verbal argument before T.S. struck the victim, the evidence indicates that his punching of the victim was a quick, almost reflexive response to having tea thrown in his face. Indeed, in its brief the State characterizes T.S.’s reaction as immediate. As such, there was no evidence based on which the court could find that T.S. intended to or knew that he would cause the extent of the injury that resulted.
Further supporting our view that only felony battery and not aggravated battery was proved is the fact that the prosecutor explicitly argued the elements of the lesser offense even though she[4] used the term *1291 “aggravated battery.” She began her closing argument as follows:
Your Honor, to prove the crime of aggravated battery, the State has to prove, A, that a battery occurred, and B, that there was either great bodily harm, permanent disability, or permanent disfigurement.
This is a recitation of the elements of felony battery, not aggravated battery. See §§ 784.041(1), 784.045(l)(a)(l). T.S. objected, asserting that the prosecutor misstated the statute. The court replied, “It’s closing. I know what the law is.” The prosecutor then summarized the evidence demonstrating that the victim had suffered great bodily injury and presented case law to support this proposition. The prosecutor said, “[The victim] did, indeed, receive or suffer great bodily harm as a result of the defendant’s punching her, intentionally and knowingly punching her face” (emphasis added). The emphasized words reflect only the general-intent element of battery. See § 784.03(l)(a)(l). However, the prosecutor failed to argue whether T.S. intentionally or knowingly caused the level of injury incurred, the specific-intent element of aggravated battery. See § 784.045(l)(a)(l).
The court found it uncontroverted that a battery had taken place and that permanent harm or disfigurement had occurred, but it failed to address whether the State had proved the specific-intent element of aggravated battery. The court concluded its findings by saying, “I am, therefore, going to find him guilty of the charge of aggravated battery because it did result in permanent disfigurement and/or injury.” As the prosecutor had done, the court recited the last element of felony battery, not the specific-intent element of aggravated battery.
In short, the State adequately proved and appropriately argued the elements of felony battery. In light of the lack of evidence demonstrating the specific intent of aggravated battery, the trial court should have adjudicated T.S. delinquent of the lesser offense. We therefore reverse and remand for the trial court to reduce T.S.’s adjudication to one of felony battery.
Reversed and remanded with instructions.
CASANUEVA and LaROSE, JJ., Concur.

. T.S.. preserved this issue with an appropriate motion for judgment of dismissal after the State had rested.

. Two additional forms of aggravated battery are not relevant to this discussion: committing battery with a deadly weapon, § 784.045(l)(a)(2), and knowingly committing battery on a pregnant victim, § 784.045(l)(b).

. It may be noted that felony battery, an offense defined in 1997, was created to "fill the gap between simple battery and aggravated battery.” Jefferies v. State, 849 So.2d 401, 404 (Fla. 2d DCA 2003), receded from on other grounds by Hall v. State, 951 So.2d 91 (Fla. 2d DCA 2007); see ch. 97-183, § 1, Laws of Fla.

.The prosecutor is not identified in the hearing transcript. For the purposes of this opinion we will assume that the prosecutor who signed the petition for delinquency also tried the case.