29 So.3d 383 (2010)
S.G., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 5D09-2203.
District Court of Appeal of Florida, Fifth District.
February 26, 2010.
*384 James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Rebecca Rock McGuigan, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, J.
S.G. (defendant) appeals her adjudication of delinquency. The State properly concedes that the trial court reversibly erred in reclassifying the defendant's battery conviction from a first degree misdemeanor to a third degree felony. Accordingly, we reverse.
The defendant was charged with committing the crime of battery in violation of section 784.03 of the Florida Statutes (2008), a first degree misdemeanor. The State sought to reclassify the charge to a third degree felony pursuant to section 784.081(2) of the Florida Statutes (2008) based on the fact that the victim of the defendant's crime was a school employee.[1] At trial, testimony established that the defendant engaged in a verbal altercation with another student at the Great Oaks Village youth shelter. A school employee attempted to escort the other student out of the classroom. As the employee was removing the other student, the defendant threw a stapler in the student's direction with the intent to strike the student. However, the stapler struck the employee. The defendant argued that the State's evidence could not elevate the simple battery charge to a felony absent proof of her specific intent to strike the victim. *385 The court disagreed and found the defendant guilty of battery on a school employee.
The doctrine of transferred intent transfers the defendant's intent as to the intended victim to the unintended victim. Mordica v. State, 618 So.2d 301, 304 (Fla. 1st DCA 1993). However, Florida courts have expressly held that the transferred intent doctrine is inapplicable to enhance the severity of a crime against an unintended victim. See B.L.L. v. State, 764 So.2d 837, 838 (Fla. 2d DCA 2000) (holding that transferred intent was not applicable when a student intended to strike a fellow student, but instead struck a school employee); D.J. v. State, 651 So.2d 1255, 1256 (Fla. 1st DCA 1995) (explaining that "only the appellant's intent to strike his opponenta studentcould be transferred, and there could be no intent to strike a school employee"); Sagner v. State, 791 So.2d 1156, 1158 (Fla. 4th DCA 2001)(stating that the doctrine of transferred intent is inapplicable to enhance the severity of the intended crime against an unintended victim).
The State properly concedes that the trial court erred in applying the transferred intent doctrine to enhance the severity of the defendant's crime, and, therefore, the defendant can only be found to have committed a battery. Accordingly, the defendant's adjudication of delinquency for battery on a school employee is reversed, and the case is remanded for the trial court to enter judgment on the battery charge and to sentence the defendant accordingly.
REVERSED and REMANDED.
ORFINGER and EVANDER, JJ., concur.
NOTES
[1] Section 784.081(2)(c) of the Florida Statutes (2008) reclassifies the crime of battery from a misdemeanor of the first degree to a felony of the third degree when the battery is committed upon

any elected official or employee of: a school district; a private school; the Florida School for the Deaf and the Blind; a university lab school; a state university or any other entity of the state system of public education, as defined in s. 1000.04; a sports official; an employee or protective investigator of the Department of Children and Family Services; an employee of a lead community-based provider and its direct service contract providers; or an employee of the Department of Health or its direct service contract providers, when the person committing the offense knows or has reason to know the identity or position or employment of the victim. . . .
See § 784.081(2) Fla. Stat. (2008).