23-6424-cr
*United States v. Barnes*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

─────────────────────────────────

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                              23-6424-cr

EMMANUEL BARNES,

> *Defendant-Appellant*.

─────────────────────────────────

For Appellee:                        Matthew J. King (David Abramowicz, Lucas Issacharoff *on the brief*), Assistant United States Attorneys, *on behalf of* Damian Williams, United States Attorney for the Southern District of New York.

For Defendant-Appellant:             Matthew B. Larsen, Assistant Federal Defender, Federal Defenders of New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on April 26, 2023, is **AFFIRMED**.

Defendant-Appellant Emmanuel Barnes appeals from a judgment of the United States District Court for the Southern District of New York (Berman, *J.*) following his guilty plea to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The district court sentenced Barnes principally to a term of 32 months' imprisonment, to be followed by three years of supervised release. On appeal, Barnes raises challenges to both his conviction and sentence. With respect to the former, Barnes argues that his conviction for unlawfully possessing a firearm under § 922(g)(1) violates the Second Amendment of the U.S. Constitution. With respect to the latter, Barnes contends that the district court erred in holding that one of his prior convictions was for a "crime of violence" and imposing a special condition of supervised release that automatically requires Barnes to attend inpatient substance abuse treatment if he drinks alcohol or uses marijuana during his period of supervision. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal to which we refer only as necessary to explain our decision to **AFFIRM**.

I.    **Constitutionality of Barnes' Conviction**

Barnes argues that the Supreme Court's decision in *New York State Rifle & Pistol*

2

*Association, Inc. v. Bruen*, 597 U.S. 1 (2022), rendered § 922(g)(1) unconstitutional. Because he raises this constitutional challenge for the first time on appeal, we review for plain error. *United States v. Donziger*, 38 F.4th 290, 302-03 (2d Cir. 2022). "For an error to be plain, it must, at a minimum, be clear under current law, which means that we typically will not find such error where the operative legal question is unsettled, including where there is no binding precedent from the Supreme Court or this Court." *United States v. Napout*, 963 F.3d 163, 183 (2d Cir. 2020) (internal quotation marks, citation, and alterations omitted).

We recognize that other cases pending before prior panels in this Circuit raise the question of § 922(g)(1)'s constitutionality following *Bruen*. But no binding precedent of this Court or the Supreme Court has held that § 922(g)(1) is unconstitutional. Accordingly, we hold that the constitutional infirmity alleged by Barnes is not clear under current law and therefore see no reason to disturb his conviction on plain error review. *See United States v. Brillon*, No. 22-2956-cr, 2024 WL 392949, at *1 (2d Cir. Feb. 2, 2024) (summary order) (rejecting a constitutional challenge to § 922(g)(1) under plain-error review); *United States v. Ogidi*, No. 23-6325-cr, 2024 WL 2764138, at *1 (2d Cir. May 30, 2024) (summary order) (same).

## II.     Prior Conviction for a Crime of Violence

At sentencing, the district court applied a base offense level of 20 under § 2K2.1(a)(4)(A) of the United States Sentencing Guidelines ("U.S.S.G.") because Barnes

had a prior felony conviction for a "crime of violence": aggravated battery with a deadly weapon, in violation of Fla. Stat. § 784.045(1)(a)(2). Barnes objected to that calculation, arguing that aggravated battery is not a "crime of violence" within the meaning of U.S.S.G. § 4B1.2(a) because the statute's elements may be satisfied without proof that physical force was used. We review *de novo* "a district court's determination as to whether a particular offense is a 'crime of violence' under the Guidelines." *United States v. Brown*, 2 F.4th 109, 111 (2d Cir. 2021).

An offense is a crime of violence under U.S.S.G. § 4B1.2(a)(1) if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." To determine whether a particular offense meets this definition, we apply the categorical approach. *United States v. Jones*, 878 F.3d 10, 16 (2d Cir. 2017). "This approach, familiar by now, involves two steps: first we identify the elements of the predicate conviction by determining the minimum criminal conduct a defendant must commit to be convicted; second, we determine whether that minimum criminal conduct has as an element the use, attempted use, or threatened use of physical force." *United States v. Moore*, 916 F.3d 231, 240 (2d Cir. 2019) (internal quotation marks and citation omitted).

According to Florida law, a person commits aggravated battery when, in the commission of a battery, he or she (1) "[i]ntentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement"; or (2) "[u]ses a deadly

4

weapon." Fla. Stat. § 784.045(1)(a). A person also commits aggravated battery if he or she commits battery against a person who was "pregnant at the time of the offense and the offender knew or should have known that the victim was pregnant." *Id.* § 784.045(1)(b). Because Florida's aggravated battery statute "sets out one or more elements of the offense in the alternative," we apply the modified categorical approach, which "permits sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction." *Descamps v. United States*, 570 U.S. 254, 257 (2013). Accordingly, we consider here the elements for aggravated battery with a deadly weapon in violation of Fla. Stat. § 784.045(1)(a)(2): commission of a battery and use of a deadly weapon.

Under Florida law, simple battery can be committed merely by "touch[ing] . . . another person against the will of the other." Fla. Stat. § 784.03(1)(a)(1). The parties concede that this means battery, without more, is not a crime of violence. *See Johnson v. United States*, 559 U.S. 133 (2010). The question here is whether the second element—use of a deadly weapon—elevates aggravated battery under § 784.045(1)(a)(2) into a crime that requires the "use, attempted use, or threatened use of physical force." U.S.S.G § 4B1.2(a)(1). We conclude that it does.

Barnes argues that the presence of a deadly weapon does not make aggravated battery a crime of violence. He contends that a person commits aggravated battery with

5

a deadly weapon if he "brushes past others in line at Disneyworld because he feels emboldened to do so by [a] gun in his back pocket." Appellant's Br. at 25. But Florida's Supreme Court, whose interpretation of Florida law we must follow, has explained that there is a difference between *carrying* a weapon and *using* a weapon. *Owens v. State*, 475 So.2d 1238, 1239 (Fla. 1985); *see also State v. Baker*, 452 So.2d 927, 928 (Fla. 1984). The relevant element here requires that the defendant *use* a deadly weapon, not merely possess one.

In *Severance v. State*, a Florida court held that the use of a deadly weapon, as an element of aggravated battery, does not require that the deadly weapon itself do the touching that constitutes the battery. 972 So.2d 931, 933-34 (Fla. Dist. Ct. App. 2007). However, the defendant must still "use" the deadly weapon in some other way in furtherance of the battery which includes, as was the case in *Severance*, holding the weapon. *Id.* at 934. Given the distinction between "carrying" and "using" a weapon recognized by Florida courts, we cannot entertain that a defendant may hold and use a weapon in a battery without threatening the victim. *See United States v. Rosado*, 785 F. App'x 81, 85 (3d Cir. 2019) ("A defendant who holds and 'uses' a deadly weapon in a battery does so by, at minimum, threatening the victim, as the defendant did in *Severance*."); *see also United States v. Lynch*, No. 16-12638, 2023 WL 4882460, at *5 (11th Cir. Aug. 1, 2023) ("Using the modified categorical approach, we have consistently held that aggravated battery as set out in Fla. Stat. § 784.045(1)(a) qualifies as a crime of

6

violence under the ACCA's elements clause.").

Barnes also argues, for the first time on appeal, that § 784.045(1)(a)(2) is not a crime of violence because the lesser included offense of improper exhibition of a firearm (Fla. Stat. § 790.10) can be committed "careless[ly]." Although crimes with a *mens rea* of recklessness or below are not crimes of violence, *see Borden v. United States*, 593 U.S. 420, 429 (2021), Barnes' reliance on the mental state required for a lesser included offense is inappropriate. That a person may recklessly violate § 790.10 is irrelevant when Florida courts have unambiguously held that "[a]ggravated battery is a specific intent crime." *Knott v. State*, 573 So.2d 179, 180 (Fla. 2d Dist. Ct. App. 1991) (per curiam).

Accordingly, the district court did not err in concluding that aggravated assault with a deadly weapon under Florida law is a crime of violence and correctly applied a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A).

### III.  Special Condition One

Barnes argues, for the first time on appeal, that Special Condition One—which requires him to attend outpatient substance abuse treatment and, if he tests positive for using alcohol or drugs, inpatient substance abuse treatment—improperly permits modification of his supervised-release conditions without a hearing. Barnes' challenge is premature because Special Condition One is conditional. Inpatient treatment may only be ordered "*if* the defendant reverts to the use of drugs or alcohol." App'x 65 (emphasis added). Conditional requirements remain "abstract[]" and unripe for review

7

until the triggering condition occurs.  *See United States v. Bryant*, 976 F.3d 165, 182 (2d Cir. 2020) ("The problem with Bryant's argument is that it begins with '*if.*'  Until a condition of supervised release is imposed, the inquiry remains 'an abstraction.'" (quoting *United States v. Traficante*, 966 F.3d 99, 106 (2d Cir. 2020))).  A special condition that only conditionally modifies Barnes' treatment is not ripe for review when he may never in fact be required to switch to inpatient treatment.  *See United States v. Johnson*, 446 F.3d 272, 278 (2d Cir. 2006) ("The mere possibility of future injury, unless it is the cause of some *present detriment*, does not constitute [the requisite] hardship." (quoting *Simmonds v. INS*, 326 F.3d 351, 360 (2d Cir. 2003))).  In the event Barnes is ordered to attend inpatient treatment without a hearing, he may renew this argument.

*      *      *

We have considered Barnes' remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
