THREADGILL, Judge.
The appellee was charged with second-degree murder and entered a negotiated plea to the reduced charge of manslaughter, which was enhanced from a second-degree felony to a first-degree felony pursuant to section 775.087(l)(b), Florida Statutes (1989).[1] He subsequently filed a motion to correct illegal sentence, arguing that because the information charged he killed the victim by stabbing her, the use of a weapon was an essential element of the crime so as to preclude enhancement under section 776.087(1). The trial court treated the motion as a motion to reclassify the offense and granted the motion. Because the use of a weapon is not an essential element of the crime of manslaughter, we reverse.
The elements of the crime of manslaughter are (1) the victim is dead, (2) the death was caused by the act, procurement or culpable negligence of the defendant, and (3) the killing was not justified or excusable homicide. § 782.07, Fla.Stat. (1989). It is not necessary that the act which causes the death be committed with a weapon. The fact that an accused uses a weapon to commit an offense does not render the use of the weapon an essential element of the offense. See Lentz v. State, 567 So.2d 997 (Fla. 1st DCA 1990).
Nor does an allegation in an information concerning the use of a weapon transform the use of the weapon into an essential element of the offense. In Lareau v. State, 573 So.2d 813 (Fla.1991), the supreme court upheld the reclassification of an offense under section 775.087(1) where the information alleged the use of a weapon. That allegation did not transform the use of the weapon into an essential element of the offense. Instead, the court examined the statute proscribing the offense and the alternative manners in which it could be charged to determine the essential elements. 573 So.2d at 815.
In the instant ease, the state was required to charge in the information that the appellee used a weapon or firearm in order to have the convictions enhanced for that use. Helmick v. State, 569 So.2d 869 (Fla. 2d DCA 1990). Thus, the use of a weapon is not an essential element of manslaughter and the enhancement provision of section 775.087(1)(b), is applicable to that offense. See Stafford v. State, 584 So.2d 138 (Fla. 1st DCA 1991); Webster v. State, 500 So.2d 285 (Fla. 1st DCA 1986).
The appellee argues that this case is controlled by Gonzalez v. State, 585 So.2d 932 (Fla.1991). Gonzalez and other cases which have refused to apply the enhancement provision of section 775.087(1), have involved convictions for aggravated assault charged under the provision for use of a deadly weapon, section 784.021(l)(a), Florida Statutes, aggravated battery charged under the provi *682 sion for use of a deadly weapon, section 784.045(l)(a)2, Florida Statutes, or felony murder in which the underlying offense had the use of a weapon or firearm as an essential element. See e.g., Watson v. State, 591 So.2d 951 (Fla. 2d DCA 1991); Webb v. State, 410 So.2d 944 (Fla. 1st DCA 1982). The use of a deadly weapon is an essential element in all such prosecutions, therefore those cases are distinguishable from the instant case.
Accordingly, we reverse the trial court’s order reclassifying the offense and remand for reinstatement of the first-degree felony classification.
Reversed.
CAMPBELL, A.C.J., and LAZZARA, J., concur.

. Section 775.087(l)(b) states: "Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified ... [i]n the case of a felony of the second degree, to a felony of the first degree.”