737 So.2d 1162 (1999)
Kenneth PEA, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3526.
District Court of Appeal of Florida, Fifth District.
July 2, 1999.
James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Roberta J. Tylke, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Kenneth Pea was charged by amended information with burglary of a dwelling with a battery (Count I), felony battery (Count II) and possession of drug paraphernalia (Count III).[1] Count II was brought under section 784.03(2), Florida Statutes (1997), which allows the enhancement of a battery conviction if the state alleges and proves prior convictions for battery. Count II alleged that Pea previously was convicted of two or more batteries in 1992, 1993 and 1996. The jury convicted Pea of the lesser included offense of battery in Count I and found him guilty as charged in Count II. Count I contained no allegations of prior batteries and simply cited section 784.03. Pea was adjudicated guilty of two counts of felony battery and sentenced as a habitual felony offender to two concurrent five-year prison terms. Although Pea asserts four issues on appeal, we find only one worthy of discussion: that the court erred when it enhanced the battery conviction in Count I to felony battery. We reverse his conviction in Count I and remand for sentencing as a misdemeanor.
Pea argues that his conviction for Count I cannot be enhanced to a felony because the state did not allege that he had prior battery convictions as it did in Count II. He argues that he was given insufficient notice of the enhancement and should have been convicted and sentenced for a misdemeanor battery because the allegations in Count II cannot be used to enhance his conviction and sentence for Count I. The state argues that Pea was on notice of the possible enhancement because his prior convictions were alleged in Count II of the information. Since Pea cannot show that his trial strategy would have changed if the prior convictions were also alleged in Count I, the state argues, the sentencing by the trial court should be affirmed.
In State v. Rodriguez, 575 So.2d 1262 (Fla.1991), the defendant was charged with third degree felony DUI pursuant to section 316.193(2)(b), Florida Statutes. Though the information cited the specific statutory provision, it did not allege that the defendant had three or more prior DUI convictions as required by the statute. *1163 Citing State v. Harris, 356 So.2d 315 (Fla.1978), which held that the felony petit larceny statute created a substantive offense and was not simply a penalty enhancing statute, and Florida Rules of Criminal Procedure 3.140(b) and 3.140(d)(1), the supreme court held the state was required to allege the requisite prior DUI convictions in the information. Rodriguez, 575 So.2d at 1264-5. The court stated "the existence of three or more prior DUI convictions is an essential fact constituting the substantive offense of felony DUI." Id. at 1265.
In Young v. State, 641 So.2d 401 (Fla. 1994), the supreme court held that a defendant could not be sentenced for felony petit theft where he was found guilty of the lesser included offense of petit theft and the information failed to allege the prior convictions necessary to elevate the offense to a felony. After the defendant's trial, the state had filed a notice of intention to have the defendant sentenced for felony petit theft under section 812.014(2)(d), Florida Statutes. However, relying on Rodriguez, the supreme court held the state was required to allege all the elements of felony petit theft in the charging document. Young, 641 So.2d at 403. Of particular importance to Pea's case, the supreme court stated that "even when there is a possibility that a conviction for a lesser included offense of petit theft would result in a felony petit theft conviction... the State must put the defendant on notice in the charging document." Id. In a footnote, the court instructed:
The information should include language to the effect that in the event the defendant is found guilty of the lesser included offense of petit theft, the defendant is also charged with felony petit theft under section 812.014(2)(d) by reason of the previous convictions of two or more thefts as thereafter described.
Id. n. 4. See also Lewellen v. State, 682 So.2d 186 (Fla. 2d DCA 1996) (holding it was fundamental error to elevate defendant's petit theft conviction to first-degree misdemeanor under section 812.014(3)(b) where information did not allege prior theft convictions).
In the instant case, Count I of the amended information neither cited subsection 784.03(2) nor alleged prior battery convictions. Thus, Pea did not have proper notice that if he were found guilty of the lesser included crime of misdemeanor battery he could be convicted of felony battery. Rodriguez; Young. The state could not, as it argues, rely on the allegations in Count II to put Pea on notice that a conviction for battery in Count I would be elevated to felony battery. In Cochenet v. State, 445 So.2d 398 (Fla. 5th DCA), rev. denied, 453 So.2d 45 (Fla.1984), this court reversed the defendant's first-degree felony conviction for burglary where the defendant was charged with only a seconddegree felonyburglary with the intent to commit assault. Though the defendant was also charged with and convicted of two counts of aggravated assault, the burglary count did not allege that the assault actually occurred, and this court held the state could not rely on the other counts to supply the allegation. Id. at 399. See also Leone v. State, 590 So.2d 29 (Fla. 5th DCA 1991); Averheart v. State, 358 So.2d 609 (Fla. 1st DCA 1978) (holding that a crime used as an enhancement may not be inferred from other counts in the information). Each count of an information stands on its own, Colwell v. State, 448 So.2d 540 (Fla. 5th DCA 1984), and the state cannot use the allegations of Count II to support an enhanced conviction and sentence in Count I.
We affirm the sentence in Count II, reverse the conviction in Count I, and remand for sentencing as a battery, a misdemeanor of the first degree.
AFFIRMED in part; REVERSED in part.
W. SHARP and PETERSON, JJ., concur.
NOTES
[1] Pea was acquitted on Count III.