756 So.2d 239 (2000)
Danny R. LOONEY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-04226.
District Court of Appeal of Florida, Second District.
April 26, 2000.
John E. Fernandez, Tampa, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
DAVIS, Judge.
Danny Looney appeals his manslaughter conviction. He argues that the trial court erred by deviating from the standard jury instruction on manslaughter and by instructing the jury on the definition of culpable negligence. We agree and also find error in the State's charging document. Accordingly, we reverse.
Subsection 782.07(1), Florida Statutes (1995), defines manslaughter as, "The killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification according to the provisions of chapter 776 and in cases in which such killing shall not be excusable homicide or murder...." In Taylor v. *240 State, 444 So.2d 931 (Fla.1983), the Florida Supreme Court distinguished manslaughter by act or procurement from manslaughter by culpable negligence. The former two require an intent to cause death, while the latter does not. See id. at 934. The Taylor court noted that this difference is rooted in the common law distinction between voluntary manslaughter and involuntary manslaughter. See id. at 934.
It is well-settled that a conviction on a charge not made by the State's charging document is a denial of due process of law. See Velasquez v. State, 654 So.2d 1227, 1228 (Fla. 2d DCA 1995). In this case, the State filed an information charging Looney with the death of Marlene Grenier. Specifically, the information alleged that Looney "did unlawfully, by his intentional act, kill Marlene Grenier, a human being, by striking her and causing her to receive wounds or injuries which resulted in her death...." Although this language seemingly charges manslaughter by act, it does not necessarily exclude a charge of manslaughter by culpable negligence. At best, the charging document was ambiguous. Similarly, the verdict form does not delineate whether the jury found Looney guilty of manslaughter by act or by culpable negligence. Because the information does not allege the essential element of intent to cause death for manslaughter by act, and thus we cannot determine whether the jury convicted Looney of a charge not made in the information, we must reverse Looney's conviction.
Turning to Looney's contention that the trial court erred in its instructions to the jury, we note that Looney disputed the issue of intent at trial. At the conclusion of the trial, the trial court instructed the jury as follows: "Before you can find the defendant guilty of manslaughter, the state has to prove the following two elements beyond a reasonable doubt: One, is that Marlene Grenier is dead. Two, the death was caused by the act of Danny R. Looney." The trial court went on to give the standard jury instruction defining culpable negligence.
We hold that the trial court erred in modifying the standard jury instructions, which clearly delineate between the types of manslaughter, and in giving the definition of culpable negligence. These instructions, like the information, do not identify clearly whether Looney is charged with manslaughter by act or by culpable negligence. In fact, the instructions as given essentially suggest that Looney is strictly liable for the death of Grenier. This error was of such a nature that we cannot say it did not mislead the jury in their deliberations. Although Looney did not offer a contemporaneous objection to the instructions, we conclude that the error was fundamental and denied Looney a fair trial. See State v. Delva, 575 So.2d 643, 644-45 (Fla.1991) (fundamental error for trial court to omit instruction on disputed material element of crime). Accordingly, we reverse and remand for a new trial.
THREADGILL, A.C.J., and FULMER, J., Concur.