849 So.2d 401 (2003)
Robert Christopher JEFFERIES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1026.
District Court of Appeal of Florida, Second District.
June 27, 2003.
*402 James Marion Moorman, Public Defender, and Judith Ellis, Special Assistant Public Defender, Bartow, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and C. Suzanne Bechard, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Robert Christopher Jefferies challenges his conviction for felony battery and the resulting sentence. We reverse because we find that the trial court erred in instructing the jury on a lesser-included offense.[1]
The facts of this case are essentially undisputed. Outside a convenience store shortly after 6 a.m. in April 2000, the victim, with whom Mr. Jefferies was acquainted, had a confrontation with Mr. Jefferies' companions and began arguing with Mr. Jefferies as he returned to his car with his purchases. The victim pushed him, and Mr. Jefferies retaliated by striking the victim three times with his fist, causing him to fall to the ground; some witnesses said he also kicked the victim after he fell, but Mr. Jefferies vehemently denied this. The victim died within minutes, but Mr. Jefferies was unaware of this as he and his friends had already continued on their way. Later that morning, after voluntarily presenting himself to law enforcement when he heard the news of the death, Mr. Jefferies was interviewed and gave a statement outlining these facts. The State charged him with manslaughter by culpable negligence using the following language: "by his own act or culpable negligence, and without lawful justification or excuse, did kill a human being, [the *403 victim], by striking and beating the [victim] in violation of Section 782.07, Florida Statutes...." The jury returned a verdict of guilty of felony battery[2] as a lesser-included offense of manslaughter by culpable negligence.
Mr. Jefferies contends that the jury should not have been instructed on felony battery as a permissive lesser-included offense. He does not claim that there was insufficient evidence presented to prove the crime of felony battery. Indeed, he cannot do so, based on the undisputed facts and his own statement. Rather, he argues that all the elements of felony battery are not subsumed within the elements of manslaughter, so that felony battery is precluded from being charged as a lesser-included offense of manslaughter by culpable negligence. We agree to the extent that felony battery is not a category I lesser-included offense of manslaughter by culpable negligence, although it may be a permissive or category II lesser-included offense depending on the allegations contained in the charging document and the proof adduced at trial. "The law requires that an instruction be given for any lesser offense all the elements of which are alleged in the accusatory pleadings and supported by the evidence adduced at trial." State v. Weller, 590 So.2d 923, 926 (Fla. 1991); Epps v. State, 728 So.2d 761, 762 (Fla. 2d DCA 1999). Thus, the information must allege the essential elements of the crime of felony battery. Farley v. State, 740 So.2d 5, 6 (Fla. 1st DCA 1999). We reverse because we find that the charging document did not include an essential element of the crime of felony battery, namely, an intentional striking.
Manslaughter by culpable negligence is the third of the three possible ways manslaughter can be charged in Florida. The other two possible manslaughter charges are intentionally causing the death of the victim or intentionally procuring the death of the victim, neither of which the State chose to charge based on the facts of Mr. Jefferies' case. See Fla. Std. Jury Instr. (Crim.) Manslaughter. At Mr. Jefferies' trial there was lengthy discussion on several occasions between the court, the prosecutor, and defense counsel about the proper way to charge the jury on the lesser-includeds. These discussions contrasted the lack of intent for the crime of manslaughter by culpable negligence with the specific intent required for felony battery.
We agree with the observation of Mr. Jefferies' trial counsel that the intent element for felony battery is inconsistent and mutually exclusive with the negligence aspect of manslaughter by culpable negligence. The two elements that constitute manslaughter by culpable negligence are (1) the fact of the death and (2) a causative link between the death and the culpable negligence of the defendant.[3]State v. *404 Richards, 639 So.2d 680 (Fla. 2d DCA 1994). In Looney v. State, 756 So.2d 239, 240 (Fla. 2d DCA 2000), we noted that the Florida Supreme Court distinguished manslaughter by act or procurement from manslaughter by culpable negligence. Manslaughter by act or procurement requires an intent to cause death while manslaughter by culpable negligence does not. The supreme court in Taylor v. State, 444 So.2d 931, 934 (Fla.1983), noted that this difference is rooted in the common law distinction between voluntary manslaughter and involuntary manslaughter. Thus, no offense that contains an intentional element can be considered a category I lesser-included of manslaughter by culpable negligence, although that remains a possibility for manslaughter by act or procurement.
In comparison, the elements of felony battery are (1) an actual and intentional touch or striking of the victim against the victim's will that (2) caused great bodily harm,[4] permanent disability, or permanent disfigurement. Fla. Std. Jury Instr. (Crim.) Felony Battery. The prosecutor argued to the court during the discussions about the proper charge to the jury, and defense counsel generally agreed, that in 1997 the legislature enacted section 784.041, defining the crime of felony battery, to fill the gap between simple battery and aggravated battery.[5] Mr. Jefferies' trial counsel correctly observed that the State could have charged him, in the alternative, with a crime of negligence (manslaughter by culpable negligence) or an intentional crime (felony battery) with an unintentional death. By doing so, the jury would have had all possible choices before it that corresponded with the facts of the case and could have decided Mr. Jefferies' intent appropriately. Thus, the State could have covered all bases because each count of an information stands on its own. Pea v. State, 737 So.2d 1162, 1163 (Fla. 5th DCA 1999).
The language of the charging document in Mr. Jefferies' case was deficient in supporting the intentional crime of felony battery. Cf. Looney, 756 So.2d at 240 (holding that an information that charged manslaughter because the defendant "did unlawfully, by his intentional act, kill [the victim] by striking her and causing her to receive wounds or injuries which resulted in her death," was ambiguous so as to require reversal; (the intent element was unclear). Based on Mr. Jefferies' statements to law enforcement, the State knew that he admitted to the specific intent crime of battery. Felony battery is clearly a species of the specific intent crime of battery (the intent to strike), but with resulting and unintended great bodily harm, as distinguished from aggravated battery, in which the resulting harm is intended, and as distinguished from manslaughter by culpable negligence, which is not an intentional crime at all. Because this court has recognized that in these instances it is fundamental error to instruct *405 the jury on a crime not charged in the information, the resulting verdict is a nullity. See Wise v. State, 833 So.2d 882, 883 (Fla. 2d DCA 2003) (citing O'Bryan v. State, 692 So.2d 290 (Fla. 1st DCA 1997).
Because our disposition is not based on the sufficiency of the evidence but on an error in the proceedings, we reverse and remand for a new trial. See Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) (holding that where reversal is not based on insufficient evidence retrial does not violate the Double Jeopardy Clause). As the jury has acquitted Mr. Jefferies of manslaughter at his first trial, the State may not, on remand, seek to retry Mr. Jefferies on that charge.
Reversed and remanded.
FULMER, J., and THREADGILL, EDWARD F., SENIOR JUDGE, Concur.
NOTES
[1] Although mooted by our disposition in reversing the conviction, the State properly conceded the second issue, that victim death points were wrongly added to the defendant's sentencing guidelines scoresheet. See Key v. State, 779 So.2d 525 (Fla. 2d DCA 2000).
[2] § 784.041, Fla. Stat. (1999).
[3] The standard jury instruction on manslaughter defines culpable negligence in the following manner:

Each of us has a duty to act reasonably toward others. If there is a violation of that duty, without any conscious intention to harm, that violation is negligence. But culpable negligence is more than a failure to use ordinary care toward others. In order for negligence to be culpable, it must be gross and flagrant. Culpable negligence is a course of conduct showing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or such an entire want of care as to raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or such an indifference to the rights of others as is equivalent to an intentional violation of such rights.
The negligent act or omission must have been committed with an utter disregard for the safety of others. Culpable negligence is consciously doing an act or following a course of conduct that the defendant must have known, or reasonably should have known, was likely to cause death or great bodily injury.
Fla. Std. Jury Instr. (Crim.) Manslaughter.
[4] Although death is not the generally expected outcome of a crime of battery, there can be no doubt that if death does result, it fulfills the element of "great bodily harm." See Eversley v. State, 748 So.2d 963, 970 (Fla.1999) ("We find that the trial court erred in reducing the felony child abuse conviction. The fact that the baby died is adequate proof of the `great bodily harm' element.").
[5] Ch. 97-183, § 1, at 3453, Laws of Fla.