ALTENBERND, Chief Judge.
Elpido A. Ayala has filed a petition pursuant to Florida Rule of Appellate Procedure 9.141(c) raising claims of ineffective assistance of appellate counsel. We deny the petition.
In the early morning hours of February 26, 2000, Mr. Ayala had a fight with Raul Yanez. At the time, they were living in the same apartment in Immokalee, Florida. Both men were intoxicated, and Mr. Yanez told an offensive joke. The joke generated an argument, and eventually Mr. Yanez apparently struck Mr. Ayala. One thing led to another and within a few minutes, Mr. Ayala plunged a large knife into Mr. Yanez’s chest. Mr. Yanez died in the parking lot of the apartment complex.
The State charged Mr. Ayala with one count of second-degree murder. The information alleged in part that Mr. Ayala “did unlawfully, by an act imminently dangerous to another, and evincing a depraved mind regardless of human life, kill and murder [the victim] ... by stabbing the victim with a knife.” The information did not allege that the imminently dangerous act was either a voluntary act or an act of culpable negligence.
At trial, the State focused on the charged offense of second-degree murder. Mr. Ayala’s counsel primarily argued self-defense. When the parties and the trial court prepared jury instructions and verdict forms for this case, the State request *2 ed that, as the next lesser offense to second-degree murder, the trial court read to the jury the standard manslaughter instruction, which includes an instruction on both voluntary manslaughter and manslaughter by culpable negligence. See Fla. Std. Jury Instr. (Crim.) 7.7. This was a logical request because the schedule of lesser-included offenses in the standard jury instructions lists manslaughter as a category one lesser-included offense. See Fla. Std. Jury Instr. (Crim.) 7.4. Mr. Ayala’s counsel did not object to this request. Likewise, the parties agreed to a verdict form that gave the jury the option of finding Mr. Ayala guilty “of the lesser-included offense of manslaughter.” The form did not distinguish between voluntary manslaughter and manslaughter by culpable negligence.
During closing arguments, neither the State nor Mr. Ayala’s counsel relied to any extent upon the instructions that were about to be given on lesser-included offenses. Nevertheless, the jury returned a verdict convicting Mr. Ayala of the lesser-included offense of manslaughter. The trial court entered judgment on the verdict and imposed a downward departure sentence of 78 months’ incarceration.
On appeal, Mr. Ayala’s counsel filed a well-written brief that raised two issues on appeal. The brief did not raise any issue concerning these jury instructions or the verdict form. This court affirmed without written opinion. Ayala v. State, 834 So.2d 163 (Fla. 2d DCA 2002) (table decision).
Mr. Ayala has filed a timely petition alleging ineffective assistance of appellate counsel. He argues that his appellate counsel should have raised as error the trial court’s “merging of the voluntary and involuntary manslaughter instructions,” which he claims was fundamental error under Looney v. State, 756 So.2d 239 (Fla. 2d DCA 2000).
In Looney, this court reviewed a case in which manslaughter was the charged offense. The information alleged manslaughter by act and did not allege manslaughter by culpable negligence. Looney, 756 So.2d at 240. The trial court modified the standard instructions so that the jury received the standard instructions for manslaughter by act and also the definition of culpable negligence. Id. This court held that it was fundamental error to instruct the jury on a variety of manslaughter that had not been included within the information. Id.
Relying on Looney, this court initially granted Mr. Ayala relief in a reported opinion. Ayala v. State, 28 Fla. L. Weekly D2283 (Fla. 2d DCA Oct.3, 2003). We granted rehearing upon realizing that we had overlooked the supreme court’s opinion in Ray v. State, 403 So.2d 956 (Fla.1981). Accordingly, we withdrew that opinion. Ayala v. State, 2003 WL 22259691 (Fla. 2d DCA Nov.14, 2003).[1]
In Ray, the supreme court held
that it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if: 1) the improperly charged offense is lesser in degree and penalty than the main offense or 2) defense counsel requested the improper charge or relied on that charge as evidenced by argument to the jury or other affirmative action.
Ray, 403 So.2d at 961 (footnote omitted). This court followed Ray in Thomas v. State, 820 So.2d 382 (Fla. 2d DCA 2002), a case that is similar in many respects to *3 Mr. Ayala’s case. In Thomas, we affirmed a conviction for driving under the influence (DUI) with serious bodily injury, even though this offense was not a permissive lesser-included offense of DUI manslaughter as charged in the information. Thomas, 820 So.2d at 384-85. Nevertheless, the offense of DUI with serious bodily injury was lesser in degree and penalty and the defendant had not objected to the instructions. Admittedly, this court has not always consistently followed Ray, but we recently receded from those cases that conflicted with Ray, and reaffirmed the principles announced in Ray. See Chambers v. State, No. 2D03-1716, 880 So.2d 696, 2004 WL 895856 (Fla. 2d DCA Apr.28, 2004).
In Mr. Ayala’s case, the instructions provided on manslaughter by act and manslaughter by culpable negligence were standard instructions that had not been modified as they were in Looney. Mr. Ayala did not object to these instructions. Either form of manslaughter was lesser in degree and penalty than the main charge of second-degree murder.[2] Thus, Looney is not applicable in this case, and Ray controls.
Accordingly, we conclude that Mr. Ayala’s appellate counsel was not ineffective when counsel chose not to brief an issue as fundamental error when there was controlling precedent from the supreme court that would have prohibited this court from granting any relief to Mr. Ayala.
Denied.
NORTHCUTT and KELLY, JJ., Concur.

. The author of this opinion wrote a concurrence in the original opinion. That concurrence contains a discussion of Looney and Taylor v. State, 444 So.2d 931 (Fla.1983), which is the product of a confused mind. It should not be relied upon except to confirm my fallibility.

. Second-degree murder is a first-degree felony. § 782.04(2), Fla. Stat. (2000). Manslaughter, whether by act, procurement, or culpable negligence, is a second-degree felony. § 782.07(1), Fla. Stat. (2000).