LAWSON, J.
Edwin E. Cox, III, appeals from his conviction and sentence on the charge of felony battery pursuant to section 784.03(1) and (2), Florida Statutes (2007).[1] The jury was originally instructed on the crime of aggravated battery on a pregnant person pursuant to section 784.045(l)(b), Florida Statutes, but returned a verdict of guilty only as to the lesser offense of simple battery.[2] Over Cox’s objection, the trial court then allowed the State to present additional evidence that Cox had been previously convicted of battery, and the jury returned a second verdict indicating that the State had proven Cox’s prior battery conviction beyond a reasonable doubt. On appeal, Cox argues that the State was precluded from seeking to enhance his conviction from the lesser offense of simple *1237 battery to the felony battery charge under our precedent in Pea v. State, 737 So.2d 1162 (Fla. 5th DCA 1999). We disagree and affirm.
In Pea, the defendant was charged with burglary of a dwelling with a battery therein, and the jury returned a verdict of guilty only as to the lesser offense of battery. As in this case, the simple battery conviction as to that count was enhanced to a felony battery based upon Pea’s prior battery convictions. We reversed, finding that Pea could only be convicted of simple battery as to that count because the charging document “neither cited subsection 784.03(2) nor alleged prior battery convictions ... [so that] Pea did not have proper notice that if he were found guilty of the lesser included crime of misdemeanor battery he could be convicted of felony battery.” Id. at 1163. In doing so, we also quoted from a footnote in Young v. State, 641 So.2d 401 (Fla.1994), discussing the need for the State to include language in an information “ ‘to the effect that in the event the defendant is found guilty of the lesser included offense ... the defendant is also charged with [the] felony’ ” enhancement. Pea, 737 So.2d at 1163 (quoting Young, 641 So.2d at 403 n. 4).
In this case, count one of the information, charging Cox with aggravated battery on a pregnant person, also expressly alleged that Cox had “previously been convicted of battery on September 6, 2006, in Volusia County, Florida” and that the battery therefore violated both “Florida Statute 784.045(1)(b) and 784.03(1) and (2).” [emphasis added]. Because the information in this case alleged all facts necessary to support the felony battery conviction, and placed Cox on notice that the State was seeking conviction under both the aggravated battery and felony battery statutes, we affirm the felony battery conviction and sentence. We reject Cox’s argument that the information must contain additional language further explaining that the purpose for alleging the prior convictions and the enhancement statute itself is for enhancement in the event that the jury returns a verdict of guilty as to the lesser offense. By alleging the prior battery conviction and referencing the felony battery statute, the State clearly satisfied the requirements of Pea and Young for seeking a felony battery conviction.
AFFIRMED.
PALMER, C.J., and GRIFFIN, J., concur.

. Section 784.03(1), Florida Statutes, defines simple battery, a misdemeanor. Section 784.03(2) provides that any "person who has one prior conviction for battery, aggravated battery, or felony battery and who commits any second or subsequent battery commits a felony of the third degree

. Cox took the witness stand in his own defense and testified that he was unaware that the victim was pregnant at the time of the incident that formed the basis for the charge. To prove the crime of aggravated battery under section 784.045(l)(b), Florida Statutes, the evidence must convince the jury beyond a reasonable doubt both that the victim was pregnant at the time of the battery and that the "the offender knew or should have known that the victim was pregnant."