WILSON, Circuit Judge,
dissenting, joined by MARTIN, JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges:
If, while walking down the street, you tap a jogger on the shoulder and the tap startles him, causing him to trip, hit his head, and suffer a concussion, have you committed a violent act? Most would say no. But if you punch the jogger and the punch causes him to fall, hit his head, and suffer a concussion, you have undoubtedly committed. a violent act. The difference between a non-violent and violent act, then, is the degree of force used. Both a tap and a punch are capable of causing great bodily harm, but a tap involves a limited degree of force while a punch involves a substantial degree of force. Or, in the words of the Sentencing Guidelines, a punch involves “physical force.” See U.S.S.G. § 2L1.2 cmt. n.2 (2016).
The Guidelines and certain criminal statutes use the phrase “physical force” to distinguish non-violent and violent conduct. Under § 2LÍ.2 of the Guidelines, for example, a crime is a “crime of violence” if it “has as an element the ... use of physical force.” Id. And , interpreting “physical force” in a provision similar to § 2L1.2, the Supreme Court in Curtis Johnson[1] found that “physical force” refers to a certain threshold degree of force — it refers to the substantial degree of force that is associated with, punching, kicking, and other violent acts.
This case requires us to apply Curtis Johnson and-determine whether Florida felony battery is a crime of violence under § 2L1.2. We must determine whether felo.-ny battery requires a degree of force that is sufficient to qualify as “physical force.” It does not. Felony battery criminalizes a mere touching that' happens to cause great bodily harm. See Fla. Stat. § 784.041; Jefferies v. State, 849 So.2d 401, 404 (Fla. Dist. Ct. App. 2003) (“Felony battery'is ... a species of the specific intent crime of battery ... but with resulting and unintended great bodily harm.” (emphasis in original)). A mere touching is not violent— it does not involve a substantial degree of force. A tap on a jogger’s shoulder that happens to cause the jogger to suffer a concussion is still just a tap.
The Majority’s decision cannot be reconciled with Curtis Johnson. Curtis Johnson thoroughly analyzes “physical force,” explaining over the course of several pages that “physical force” refers to a threshold degree of force. But the Majority, reading this lengthy analysis out of Curtis Johnson, creates a new test for “physical force” that disregards degree of force. Although the Supreme Court has cautioned against reading a statement from one of its opinions “in isolation” rather than “alongside” the rest of the opinion, the Majority does exactly that. See Endrew F. v. Douglas Cty. Sch. Dist., 580 U.S. -, -, 137 S.Ct. 988, 998, 197 L.Ed.2d 335 (2017). The *1309 Majority announces that just one sentence in Curtis Johnson matters and, based.on an isolated reading of the sentence, proclaims that “physical force” is any force that is capable of causing pain or injury. This “capacity test” turns not on the amount of force an act involves.but rather on the possible consequences of the act. Degree of force is irrelevant. Even the slightest touching involves “physical force” if the touching could cause pain or injury.
Applying its novel capacity test, the Majority concludes that Florida felony battery is a crime of violence. I cannot agree with that conclusion. The Florida legislature chose to define felony battery as a crime that can be committed by a mere touching, and a mere touching, even one that happens to cause great bodily harm, is not a violent act.
I. CURTIS JOHNSON’S ANALYSIS OF PHYSICAL FORCE
Under Curtis Johnson, our inquiry into whether a crime requires “physical force” begins and ends with the degree of force that the crime requires. If the crime can be committed using a limited degree of force, the crime does not require “physical force.” However, if “violent force” (i.e., “a substantial degree of force”) is necessary to commit the crime, the crime requires “physical force.” See Curtis Johnson, 559 U.S. at 140, 130 S.Ct. at 1271 (emphasis in original); United States v. Castleman, 572 U.S. -, -, 134 S.Ct. 1405, 1411 n.4, 188 L.Ed.2d 426 (2014) (indicating that, under Curtis Johnson, “physical force” refers to “a range of force ... which constitutes ‘violence’ simpliciter”).
The Curtis Johnson Court considered the meaning of “physical force” in deciding whether Florida simple battery is a “violent felony” under the Armed Career Criminal Act.[2] Looking to dictionary definitions and the relevant statutory context, the Court “g[a]ve the phrase its ordinary meaning”: “violent force,” or rather, a “substantial degree of force.” See Curtis Johnson, 559 U.S. at 138-45, 130 S.Ct. at 1270-74 (emphasis in original).
. The Court began its analysis of “physical force” by examining dictionary definitions of “force”:
In more general usage [“force”] means “strength or energy; active power; vigor; often an unusual degree of strength or energy,” “power to affect strongly in physical relations,” or “power, violence, compulsion, or constraint exerted upon a person.” [Webster’s New International Dictionary 985 (2d ed. 1954)]. Black’s Law Dictionary 717 (9th ed. 2009) \.. defines “force” as “power, violence, or pressure directed against a person or thing.” And it defines “physical force” as “force consisting in a physical act, esp. a violent act directed against a robbery victim.”
Id at 138-39, 130 S. Ct. at 1270. Under these definitions, “force” refers to a certain degree of power, the Court recognized. The definitions “suggest a degree of power that would not be satisfied by the merest touching.” Id. at 139, 130 S.Ct. at 1270.
The Court also recognized that “force” has a specialized meaning which differs from the dictionary definitions. “Force” under the common law was an element of battery that could “be satisfied by even the slightest offensive touching.” Id. But the Court rejected that meaning in favor of the dictionary definitions, stating: “[C]on-text determines meaning ... [and] we are *1310 interpreting the phrase ‘physical force’ as used in defining not the crime of battery, but rather the statutory category of ‘violent felonies’....” Id. at 139-40, 130 S.Ct. at 1270.
Embracing the definition of “force” as a degree of power, the Court next elaborated on the degree of power necessary for “physical force.” According to the Court, “physical force,” when used in a statutory definition of “violent felony,” is force of such a degree that it can be - considered “violent force.” Id. at 140, 130 S.Ct. at 1271 (emphases in original). The Court explained:
[I]n the context of a statutory definition of “violent felony,” the phrase “physical force” means violent force — that is, force capable of causing physical pain or injury to another person. See Flores v. Ashcroft, 350 F.3d 666, 672 (C.A.7 2003) (Easterbrook, J.). Even by itself, the word “violent” ... connotes a substantial degree of force. Webster’s Second 2846 (defining “violent” as “[mjoving, acting, or characterized, by physical force, esp. by extreme and sudden or by unjust or improper force; furious; severe; vehement”); 19 Oxford English Dictionary 656 (2d ed. 1989) (“characterized by the exertion of great physical force or strength”); Black’s 1706 (“of, relating to, or characterized by strong physical force”). When the adjective “violent” is attached to the noun “felony,” its connotation of strong “physical force” is even clearer. See id., at 1188 (defining “violent felony” as “a crime characterized by extreme physical force, such as murder, forcible rape, and assault and battery with a dangerous weapon”); see also United States v. Doe, 960 F.2d 221, 225 (C.A.1 1992) (Breyer, C.J.) (“The term to be defined, ‘violent felony,’ calls to mind a tradition of crimes that involve the possibility of more closely related, active violence.”).
Id. at 140-41, 130 S. Ct. at 1271. “Physical force,” in other words, is a unique type of force; it is powerful, violent force.
The Court then concluded its thorough discussion of “physical force” by further underscoring that “physical force” refers to a powerful amount of force. The Court expressly rejected an argument that “physical force” does not require a certain threshold degree of force: “[Although] there is no modifier in [the Armed Career Criminal Act] that specifies the degree of ‘physical force’ required[,] ... the term ‘physical force’ itself normally connotes force strong enough to constitute ‘power’— and all the more so when it is contained in a definition of ‘violent felony.’ ” Id. at 142, 130 S.Ct. at 1272.
Curtis Johnson thus requires our court, when determining whether a crime necessarily involves “physical force,” to analyze the degree of force used to commit the crime. If the crime requires a “substantial degree of force” — the type of strong physical power that is generally “capable of causing physical pain or injury” upon impact — the crime requires “physical force.” See id. at 140-41, 130 S.Ct. at 1271. This standard makes identifying the actions that involve “physical force” simple. Touching, tapping, pinching, and other actions involving limited, non-violent contact do not constitute “physical force.” But kicking, striking, punching, and other actions that are associated with violence do. constitute “physical force.”
Indeed, since Curtis Johnson was decided in 2010, our court, without difficulty, has adhered to the Supreme Court’s finding that degree of force is the gravamen of the physical-force inquiry. In United States v. Owens, for example, we considered whether the Alabama offenses of second-degree rape and second-degree sodomy require “physical force.” 672 F.3d 966, 970-72 (11th Cir. 2012). And we held that those offenses do not necessarily involve *1311 “physical force” because they “require[] only slight penetration” and thus “do[ ] not require, as an element, strong physical force or a substantial degree of force.” Id. at 971 (citing Curtis Johnson).
In this case, then, we must consider the degree of force that Florida felony battery requires.
II. APPLYING CURTIS JOHNSON TO FLORIDA FELONY BATTERY
Under Curtis Johnson, Florida felony battery is not a physical-force crime. It does not require a degree of force that is sufficient to constitute “physical force.” Curtis Johnson’s analysis of Florida simple battery is dispositive. The degree of force required by simple battery, Curtis Johnson held, is insufficient to constitute “physical force.” And felony battery can be committed using the exact same insufficient degree of force as simple battery.
Curtis Johnson concluded that Florida simple battery does not require “physical force” because one of the physical acts that can support a simple battery conviction— intentional touching — involves an insufficient degree of force. See Curtis Johnson, 559 U.S. at 138-39, 145, 130 S.Ct. at 1269-70, 1274; United States v. Braun, 801 F.3d 1301, 1307 (11th Cir. 2015) (“The Supreme Court ... made clear [in Curtis Johnson] that ‘physical force’ ... requires violent contact beyond a mere touching.”). Under Florida law, an intentional touching is a mere touching. Curtis Johnson, 559 U.S. at 138, 130 S.Ct. at 1270. It covers “nominal contact” like “a tap on the shoulder”— conduct that involves a limited amount of power. Id. (internal quotation marks omitted).
An intentional touching can also give rise to a Florida felony battery conviction. The actus reus elements of felony and simple battery are identical. Both crimes have as an element the “[a]ctual[] and intentional] touching] or striking] [of] another person.” See Fla. Stat. § 784.03(l)(a) (simple battery); Fla. Stat. § 784.041(1) (felony battery). The only difference between the crimes is that felony battery is limited to instances when the touching happens to result in great bodily harm. See Jefferies, 849 So.2d at 404.[3]
Hence, the exact same non-violent physical act — an intentional touching — can serve as the basis of both felony battery and simple battery. Because Curtis Johnson held that such an act does not involve “physical force,” felony battery does not require “physical force.”
The Majority, however, believes that under Curtis Johnson the result element (the causes-great-bodily-harm element) of felony battery distinguishes felony battery from simple battery and renders it a physical-force crime. I disagree. The result element is not relevant under Curtis Johnson because the element has no bearing on the degree of force necessary to commit felony battery. The degree of force associated *1312 with a touching is not somehow altered because the touching happens to result in great bodily harm. Cf. Chrzanoski v. Ashcroft, 327 F.3d 188, 195 (2d Cir. 2003) (“[A crime] requiring proof of physical injury, does not [necessarily] require, as an element of the offense, that the defendant use physical force to inflict that injury.” (emphasis in original) (internal quotation marks omitted)). If, for instance, a student shoots a spitball at a classmate, the student commits a touching under Florida law. See State v. Hearns, 961 So.2d 211, 218-19 (Fla. 2007). That touching involves the same limited degree of force regardless of whether it results in great bodily harm. The spitball could hit the classmate in his eye and cause a serious eye injury, or the spitball could hit the classmate in his eye while his eyelid is closed and cause no injury. Although these results differ, the degree of force used is constant. A spitball that happens to cause great bodily harm is still just a spitball. A mere touching that happens to cause great bodily harm is still just a mere touching.[4]
III. THE MAJORITY’S CAPACITY TEST CANNOT BE RECONCILED . WITH CURTIS JOHNSON.
The Majority concludes that Florida felony battery is a physical-force crime because it misapplies Curtis Johnson; it relies on a test for “physical force” that cannot be reconciled with Curtis Johnson. In finding that the result element of felony battery distinguishes felony battery from simple battery, the Majority applies a capacity test for “physical force,” Under the test, the possible result of an act, not the degree of force associated with the act, is dispositive.
The Majority derives its capacity test from a single sentence in Curtis Johnson: “[T]he phrase ‘physical force’ means violent force — that is, force capable of causing physical pain or injury to another person.”[5] Curtis Johnson, 559 U.S. at 140, 130 S.Ct. at 1271 (emphasis in original). To the Majority, the word “capable” in that sentence is dispositive, establishing a capacity-based definition of “physical force.”
This reading of Curtis Johnson does not pass muster. The Supreme Court chose to devote several pages to explaining the meaning of “physical force.” See id. at 138-145,130 S.Ct. at 1270-74. But the Majority reads that robust analysis out of Curtis Johnson by plucking one sentence from the opinion and then interpreting the sentence in isolation. The Majority decides that only the “violent force” sentence matters — the rest of the Supreme Court’s dis *1313 cussion of “physical force” is superfluous. And reading the “violent force” sentence in isolation, the Majority concludes, based' on a single word in the sentence, that the sentence sets forth a capacity test.
The Supreme Court recently cautioned against reading its opinions in this way— that is, reading selected statements “in isolation.”[6] See Endrew F., 137 S.Ct. at 998. But because the Majority fails to heed the Court’s warning, the .Majority misreads Curtis Johnson, adopting a novel test that cannot be reconciled with Curtis Johnson. When we honor the Curtis Johnson Court’s decision to conduct a robust analysis of “physical force” and we consider the full analysis, the “violent force” sentence cannot be read as establishing a capacity test. Furthermore, the Majority’s capacity test is inconsistent with Curtis Johnson’s central holding; it swallows Curtis Johnson's finding that Florida simple battery does not require “physical force.”
A. The “violent force” sentence does not establish a capacity test.
When the “violent force” sentence is read “alongside” the rest of Curtis Johnson, see id., the sentence, confirms that degree of force is dispositive as to whether a crime' requires “physical force.” Again, the sentence reads: “[T]he phrase ‘physical force’ means violent force — that is, force capable of causing physical pain or injury to another person.” Curtis Johnson, 559 U.S. at 140, 130 S.Ct. at 1271 (emphasis in original). This statement, when read in context, underscores that “physical force” refers to a substantial degree of force. It does not declare that all contact that is capable of causing pain or injury is “physical force.”
The “violent force” sentence is found in the middle of Curtis Johnson’s analysis of “physical force,” and the language in the sentence derives meaning from that analysis. The sentence appears shortly after Curtis Johnson states that “physical force” refers to a “degree of power,” and it is followed directly by Curtis Johnson’s conclusion that the word “ ‘violent’ ... connotes a substantial degree of force.” See id. at 138-41, 130 S.Ct.. at 1270-71. .Thus, by equating “physical force” with “violent force,” the first clause of the sentence affirms that “physical force” refers to a substantial degree of force or power. The second clause of the sentence, the clause referencing “capable,” elaborates on that point, underscoring that “violent force” is associated with strength and power. The clause notes that “violent force” is the type of powerful action that typically causes pain: or injury upon impact: “[T]he phrase ‘physical force’ means violent force [read a substantial degree of force] — that is, force [read a degree of power] capable of causing physical pain or injury to another person.” See id. at 140,130 S.Ct. at 1271 (emphases in original).
And even if we ignore the language surrounding the “violent force” sentence, the Majority’s reading of the, sentence is problematic. The Majority’s reading cannot be squared with the language in the sentence itself. Interpreting the sentence to mean that all contact capable of causing pain or injury involves “physical force,” the Majority reads the phrase “violent force” out of the sentence. The phrase “violent force” qualifies the clause “force capable of caus *1314 ing physical pain or injury,” so the conduct discussed by that clause is limited to conduct associated with violence. Yet under the Majority’s reading, the clause includes non-violent conduct. Many forms of nonviolent conduct have the capacity to cause pain or injury; pinching and tapping, for example, both can at the very least result in a person suffering pain.
The Supreme Court took the time to pen a thorough discussion of “physical force” in Curtis Johnson. We should take that entire discussion into account. When we do, it is apparent that the “violent force” sentence does not discard degree of force for a capacity test.
B. The Majority’s capacity test swallows Curtis Johnson’s central holding.
Confirming that the Majority’s capacity test cannot be reconciled with Curtis Johnson, the test “runs headlong into” Curtis Johnson’s central holding. See Endrew F., 137 S.Ct. at 998. Curtis Johnson held that Florida simple battery does not require “physical force,” but the Majority’s capacity test leads to the opposite conclusion.
Florida simple battery, Curtis Johnson found, does not require “physical force” because the mere touching that it criminalizes, such as “a tap on the shoulder without consent,” does not involve “physical force.” See Curtis Johnson, 559 U.S. at 138, 145, 130 S.Ct. at 1270, 1274 (internal quotation marks omitted). But when “physical force” is defined as any contact that is capable of causing pain or injury," a mere touching does constitute “physical force.” Any unwanted touching could cause pain or injury. A tap on a pedestrian’s shoulder could distract the pedestrian causing her to collide with another person and suffer injury. A student’s spitball could hit its victim in the eye causing injury. A pat on the back could startle the victim causing her to jerk her body and suffer pain. A child’s innocent pinching of his friend could cause the friend to. experience a sharp pain.
The Supreme Court in Curtis Johnson did not, in one breath, hold that Florida simple battery does not require “physical force” and, in the next breath, set forth a test that dictates the opposite conclusion. The Majority’s capacity test cannot be reconciled with Curtis Johnson-, the test swallows the holding of Curtis Johnson.
IV. CONCLUSION
When we comply with Curtis Johnson and usé degree of force to determine whether Florida felony battery requires “physical force,” this case is straightforward. Felony battery can be committed by a mere touching, and Curtis Johnson told us that a mere touching does not require a degree of force that is sufficient to qualify as “physical force.” A crime that can be committed by a mere touching is not a crime of violence.
I respectfully dissent.

. Johnson v. United States, 559 U.S. 133, 130 S.Ct 1265, 176 L.Ed.2d 1 (2010) (Curtis Johnson).

. "Physical force” appears in the Armed Career Criminal Act’s definition of "violent felony.” The phrase has the same meaning in the Guidelines and in the Armed Career Criminal Act. See United States v. Romo-Villalobos, 674 F.3d 1246, 1248 (11th Cir. 2012) (per curiam).

. Extrapolating from a series of Florida decisions discussing Florida’s own definition of "physical force,” the Majority suggests that Florida felony battery requires more force than simple battery. But Jefferies and other Florida precedent undercut that suggestion. Under those precedents, felony battery is just a simple battery that happens to cause great bodily harm. See Jefferies, 849 So.2d at 404 ("Felony battery is ... a species of the specific intent crime of battery ... but with resulting and unintended great bodily harm.” (emphasis in original)); T.S. v. State, 965 So.2d 1288, 1290 (Fla. Dist. Ct. App. 2007) (“The definition of felony battery recites the first prong of the [simple] battery definition and adds the element of causing great bodily harm, permanent disability, or permanent disfigurement.”); id. (indicating that felony battery is "simple battery plus ... causing great bodily harm”). Since simple-battery conduct underlies a felony battery, felony battery involves the same force as simple battery.

. The Majority contends that Florida felony battery does not cover mere touchings that cause great bodily harm. A mere touching can cause great bodily harm only when there are "bizarre” circumstances, the Majority says, and there is no reasonable probability that Florida would apply the felony battery statute to that type of conduct. I find this argument unconvincing. First, the Majority’s premise that a mere touching can cause great bodily harm only under "bizarre” circumstances is problematic. An unwanted touch causing a jogger to trip and suffer a concussion or ankle injury, for example, is not a bizarre circumstance. Second, the felony battery statute specifically refers to "touchpng]” that "[cjauses great bodily harm,” Fla. Stat. § 784.041(1), and Florida courts have defined "touching” ta the battery context to refer to a mere touching, see Curtis Johnson, 559 U.S. at 138, 130, S.Ct. at 1269-70. Felony battery’s "statutory language itself” therefore creates a "realistic probability that [Florida] would apply [the] statute to” a mere touching that happens to cause great bodily harm. Ramos v. Att'y Gen., 709 F.3d 1066, 1071-72 (citing Gonzales v. Duenas-Alvarez, 549 U.S. 183, 193, 127 S.Ct. 815, 822, 166 L.Ed.2d 683 (2007)). The Florida legislature would not have included a'mere touching as an operative act in felony battery if the legislature did not intend to punish some mere touchings.

. I refer to'this sentence as the "violent force” sentence.

. Similarly, Justice Scalia, who authored Curtis Johnson, expressed disapproval of reading Supreme Court opinions through such a selective lens. See Arizona v. Inter Tribal Council of Ariz., Inc., 570 U.S. 1, -, 133 S.Ct. 2247, 2256 n.5, 186 L.Ed.2d 239 (2013) (Scalia, J.) (criticizing the dissenting opinion for “cherry-picking] some language from a sentence in” a previous Supreme Court opinion).