ROSENBAUM, Circuit Judge, concurring in all but parts of footnote 4 in the panel opinion: Though I concur generally in the panel opinion, I write separately to explain why I cannot join parts of footnote 4. I disagree that, when the facts and law we considered in United States v, Vail-Bailon, 868 F.3d 1293, 1305-07 (11th Cir. 2017) (en banc), are properly accounted for, Vail-Bailon is materially distinguishable from the case here.[1] Specifically, I take issue with two of footnote 4’s statements: (1) “The non-violent force situations put forward by the defendant in [Vail-Bailon] were, in the majority’s view, farfetched ones that had never led to a prosecution and were extremely unlikely to ever do so.” Maj. Op. at 604 n.4 (citing Vail-Bailon, 868 F.3d at 1305-07); and (2) “And in Vail-Bailon there was no state supreme court decision indicating that the statute in that case would apply to the non-violent factual scenarios the defendant posed.” Id. at 604 n.4. I continue to believe that Vail-Bailon was decided incorrectly. In Vail-Bailon, we considered whether Florida felony battery qualifies as a “crime of violence” under the elements clause. Florida felony battery has two elements: a person must (1) “[ajctually and intentionally touch[] or strike[] another person against the will of the other;” and (2) “[c]ause[] great bodily harm, permanent disability, or permanent disfigurement.” Fla. Stat. § 784.041(1). As the panel opinion acknowledges and I have more thoroughly explained in my Vail-Bailon dissent, Vail-Bailon, 868 F.3d at 1314-23 (Rosenbaum, J., dissenting), the Supreme Court itself has held that the first element of this crime does not satisfy the elements clause’s “physical force” requirement because it does not require “violent force” when committed by mere touch. See Maj. Op. at 599 (citing Johnson v. United States, 559 U.S. 133, 139-40, 130 S.Ct. 1265, 176 L.Ed.2d 1 (2010)). And the second element cannot supply the necessary “physical force” because it does not demand the “use” of “physical force” as the Supreme Court has construed the meaning of “use” in the elements clause. See Vail-Bailon, 868 F.3d at 1316-18 (Rosenbaum, J., dissenting) (citing Leocal v. Ashcroft, 543 U.S. 1, 125 S.Ct. 377, 160 L.Ed.2d 271 (2004), United States v. Castleman, — U.S. -, 134 S.Ct. 1405, 188 L.Ed.2d 426 (2014), and Voisine v. United States, — U.S. -, 136 S.Ct. 2272, 195 L.Ed.2d 736 (2016)). As relevant in responding to the panel’s statements in footnote 4 here, the Vail-Bailon majority opinion tried to overcome these problems in two ways. First, it argued that grievous bodily injury as required by the second element of felony battery cannot occur as the result of a mere touching, except in the case of “farfetched hypotheticals,” so it is practically impossible to commit felony battery by mere touch. Vail-Bailon, 868 F.3d at 1306. And second, it asserted that even if felony battery could occur by mere touch, Florida would not prosecute such cases. Id. at 1306 (“Nor has Vail-Bailon shown that prosecution under Florida Statute § 784.041 for the conduct described in the hypotheticals is a realistic probability.”). With respect to the argument that felony battery by mere touch cannot realistically occur, that assumption, as a matter of fact—and as many emergency-room doctors can attest—is simply not correct. As I have previously noted, “everyday experience tells us an unexpected touch can result in a start that causes a person to jerk involuntarily and sometimes, consequently, to injure himself. Indeed, some people tap or tickle another just to see their involuntary reactions, though they no doubt think at the time that they are engaging in harmless pranks.” Id. at 1320 (Rosenbaum, J., dissenting). So to firm up its conclusion that Florida felony battery necessarily always involves the “use of physical force,” the Court in Vail-Bailon next asserted that Florida would not prosecute cases of felony battery involving mere touch. Id. at 1306 (“Nor has Vail-Bailon shown that prosecution under Florida Statute § 784.041 for the conduct described in the hypotheticals is a realistic probability.”). Three points undermine that conclusion. First, Florida courts have been clear in concluding that a prosecution under § 784.041 requires no showing that the defendant intended to harm another or had reason to know that harm would result. See T.S. v. State, 965 So.2d 1288, 1290-91 (Fla. 2d Dist. Ct. App. 2007); Jefferies v. State, 849 So.2d 401, 404 (Fla. 2d Dist. Ct. App. 2003) (“Felony battery is clearly a species of the specific intent crime of battery ... , but with resulting and unintended great bodily harm”),' receded from on other grounds by Hall v. State, 951 So.2d 91 (Fla. 2d Dist. Ct. App, 2007). For this reason, the mere fact that a person may not have intended or even had reason to expect harm from his mere jxrach of another does not shield him frpm prosecution under § 784.041' if his acts did, in. fact, result in serious bodily injury. Second, only a'handful of the numerous cases prosecuted under § 784.041 have published opinions in-them. As a result, we have no way of knowing the scope of what Florida has actually prosecuted under that statute. And finally, because grievous bodily in-jüry can and does at times result from mere touch, arid because § 784.041 requires no showing that the defendant intended to cause or had reason to believe his actions would cause harm, it is clear that Florida could prosecute a mere touch that resulted in serious bodily injury under § 784.041. Nothing more is required. As we have explained, a petitioner does not engage in “legal imagination” “when the. statutory language itself ... creates the ‘realistic probability’ that a state would apply the statute” to the identified least culpable conduct,” .regardless of whether it actually has done so. Ramos v. U.S. Att’y Gen., 709 F.3d 1066, 1071-72 (11th Cir, 2013) (emphasis added). For these reasons, I respectfully suggest that if, in the Court’s Vail-Bailon opinion, we had properly accounted for the facts and law at issue in-.that case, we would, find the facts here to be materially indistinguishable from those there. . I acknowledge, however, that the facts here are materially distinguishable from how the Court described the facts and law at issue in Vail-Bailon, and I agree that we are bound by the prior-precedent rule, regardless of my view of our resolution of Vail-Bailon.